**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BUZstudios LLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>SERVICE WEST, INC. and DEPFA BANK PLC, )<br><br>Defendants. )<br><br> )<br> )<br> )<br> )<br> )<br> )<br> )<br> ) | 11 Civ. 4792 (LAK) (KNF)<br><br>ECF Case |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEPFA BANK PLC'S MOTION TO DISMISS

Peter J. Macdonald
Craig R. Heeren
Wilmer Cutler Pickering
   Hale And Dorr llp
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800

*Attorneys for DEPFA BANK plc*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL BACKGROUND...................................................................................................2

      A.    DEPFA Wants to Remove Furniture from the New York Office...............2

      B.    The DEPFA-Service West Agreement ......................................................3

      C.    The Removal and Attempted Offloading to the Warehouse.......................4

      D.    Plaintiff's Causes of Action ....................................................................4

ARGUMENT .......................................................................................................................5

    I.    Plaintiff Has Failed to State a Claim as a Third-Party Beneficiary to the DEPFA-Service West Agreement..........................................................................................5

      A.    BUZ Did Not Have a Contract with DEPFA or Service West ...................5

      B.    BUZ Has No Third-Party Right to a Warranty or Particular Condition of the Workstations, Because There is No Such Right in the Contract ...........7

      C.    BUZ Fails to Properly Allege it is an Intended Third-Party Beneficiary ....8

    II.    BUZ Fails to State a Claim for Negligence .........................................................11

CONCLUSION....................................................................................................................14

# TABLE OF AUTHORITIES

## CASES

Page

*Aretakis v. Federal Express Corp.*,
No. 10 Civ. 1696, 2011 WL 1226278 (S.D.N.Y. Feb. 28, 2011) ...........................................7, 8

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) .........................................................................................................5

*BAII Banking Corp. v. UPG, Inc.*,
985 F.2d 685 (2d Cir. 1993) .................................................................................................7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955 (2007) ...................................................................................5

*Benson v. Brower's Moving & Storage, Inc.*,
907 F.2d 310 (2d Cir. 1990) .................................................................................................8

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002) .................................................................................................3

*Clark-Fitzpatrick, Inc. v. Long Island R. Co.*,
521 N.Y.S.2d 653, 516 N.E.2d 190 (1987) ......................................................................11, 12

*Consolidated Edison, Inc. v. Northeast Utilities*,
426 F.3d 524 (2d Cir. 2005) .................................................................................................9

*Dunning v. Leavitt*,
85 N.Y. 30 (N.Y. 1881) ........................................................................................................7

*Foundation Ventures, LLC v. F2G, Ltd.*,
No. 08 Civ. 10066, 2010 WL 3187294 (S.D.N.Y. Aug. 11, 2010) .........................................10

*Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.*,
66 N.Y.2d 38, 485 N.E.2d 208, 495 N.Y.S.2d 1 (N.Y. 1985) .................................................9

*Harger v. Price*,
204 F. Supp. 2d 699 (S.D.N.Y. 2002) ...................................................................................8

*Hydro Investors, Inc. v. Trafalagar Power Inc.*,
227 F.3d 8 (2d Cir. 2000) ...................................................................................................13

*IBS Ketel, Ltd. v. Hanil Bank, Korea*,
No. 98 Civ. 3507 (DC), 1999 WL 639696 (S.D.N.Y. Aug. 23, 1999) .....................................10

*Liberty Mutual Insurance Co. v. York Hunter, Inc.*,
   945 F. Supp. 742 (S.D.N.Y. 1996)..................................................................11, 13

*Marketxt Holdings Corp. v. Engel & Reiman, P.C.*,
   693 F. Supp. 2d 387 (S.D.N.Y. 2010)....................................................................2

*McPheeters v. McGinn, Smith & Co.*,
   953 F.2d 771 (2d Cir. 1992)...................................................................................10

*New York University v. Continental Insurance Co.*,
   87 N.Y.2d 308, 662 N.E.2d 763, 639 N.Y.S.2d 283 (N.Y. 1995).........................13

*Orlando v. Novurania of America, Inc.*,
   162 F. Supp. 2d 220 (S.D.N.Y. 2001)..............................................................12, 13

*Osan Ltd. v. Acenture LLP*,
   454 F. Supp. 2d 46 (E.D.N.Y. 2006) .....................................................................11

*Piccoli A/S v. Calvin Klein Jeanswear Co.*,
   19 F. Supp. 2d 157 (S.D.N.Y. 1998).......................................................................9

*Premium Mortgage Corp. v. Equifax, Inc.*,
   583 F.3d 103 (2d Cir. 2009).....................................................................................6

*RLI Insurance Co. v. King Sha Group*,
   598 F. Supp. 2d 438 (S.D.N.Y. 2009)..............................................................11, 12

*Sira v. Morton*,
   380 F.3d 57 (2d Cir. 2004)........................................................................................3

*Solutia Inc. v. FMC Corp.*,
   385 F. Supp. 2d 324 (S.D.N.Y. 2005)....................................................................10

*State of California Public Employees Retirement System v. Shearman & Sterling*,
   95 N.Y.2d 427, 718 N.Y.S.2d 256, 741 N.E.2d 101 (N.Y. 2000)..........................6

*Subaru Distributions Corp. v. Subaru of America, Inc.*,
   425 F.3d 119 (2d Cir. 2005)...........................................................................3, 6, 11

*Teachers Insurance & Annuity Association of America v. CRIIMI Mae Services Ltd.
   Partnership*,
   No. 06 Civ. 0392, 2007 WL 7569162 (S.D.N.Y. Sept. 7, 2007)............................12

*Travelers Casualty & Surety Co. v. Dormitory Authority* ("*Travelers I*"),
   No. 07 Civ. 6915 (DLC), 2008 WL 1882714 (S.D.N.Y. Apr. 25, 2008) .................3

*Travelers Casualty & Surety Co. v. Dormitory Authority ("Travelers II")*,
    734 F. Supp. 2d 368 (S.D.N.Y. 2010)..........................................................................5, 6, 9, 11

*United Steelworkers of America v. Rawson*,
    495 U.S. 362, 110 S. Ct. 1904 (1990)................................................................................7

## PRELIMINARY STATEMENT

This lawsuit illustrates the vitality of the old adage that "no good deed goes unpunished." Defendant DEPFA BANK plc ("DEPFA") decided to dispose of used office furniture from office space it would no longer be leasing, and hired Defendant Service West, Inc. ("Service West") to "knock down, pick up, [and] remove" the furniture from the premises. Plaintiff BUZstudios LLC ("BUZ" or "Plaintiff") asked if it could have the used furniture, most significantly ninety-nine workstations. DEPFA chose to let Plaintiff take ownership of the furniture without any charge, and have Service West deliver the furniture to a particular warehouse at no cost to BUZ. When the free furniture arrived, Plaintiff decided that it was not in the condition it would have liked, and rejected Service West's delivery. Plaintiff sues DEPFA and Service West for the full resale value of the used workstations, despite the fact that (1) it was not a party to the removal contract between DEPFA and Service West and provided no consideration or performance for the furniture, (2) the contract contained no terms, obligations, or warranties about the condition of the workstations, and (3) BUZ's acceptance of delivery and ownership was a gratuitous and incidental benefit to DEPFA's agreement with Service West to remove furniture from its office space. Plaintiff's attempt to bootstrap a gratuitous arrangement into claims for third-party beneficiary to a contract and negligence fails as a matter of law. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's claims should be dismissed with prejudice.

**FACTUAL BACKGROUND**

The following relevant facts are set forth in the Amended Complaint and documents referenced therein.[1]

A.    DEPFA Wants to Remove Furniture from the New York Office

DEPFA occupied the 31st floor of 622 Third Avenue in New York, New York (hereafter "31st Floor").  Plaintiff's Amended Complaint ("Am. Compl.") ¶ 9.  The lease on the 31st Floor was not going to be renewed, and therefore DEFPA needed to vacate the premises, which naturally included the removal of all office furniture located on that floor.  Am. Compl. ¶ 10.  This office furniture included, among other things, ninety-nine "Adapta Workstations," which were originally designed by plaintiff BUZ and manufactured by an unrelated third party.  *Id.*  ¶¶ 7-8.  Marcia Jackson, an employee in DEFPA's New York office, discussed the removal of the office furniture with the two principals of BUZ, Charles and Julian Boxenbaum, who asked if they could have the furniture when it was removed.  *Id.* ¶¶ 12-13.

Julian Boxenbaum recommended a commercial mover, Service West, to perform the "removing, transporting, and offloading" of the furniture, including the Adapta Workstations.  Am. Compl. ¶ 14.  Service West, and several other commercial moving companies, provided DEPFA with a quote for the removal of the materials from the 31st Floor.  *Id.* ¶ 15.  DEPFA ultimately accepted Service West's proposal and entered into an agreement with them to remove the furniture.  *Id.* ¶ 16 (defined in the Amended Complaint as the "Delivery Contract").

---

[1]For purposes of this Motion to Dismiss under Rule 12(b)(6), DEPFA assumes well-pleaded factual allegations of the complaint to be true.  *See, e.g., Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387, 388 (S.D.N.Y. 2010).

B.      The DEPFA-Service West Agreement[2]

The DEPFA-Service West agreement consisted of a two-page, signed quote and work order (herein the "DEPFA-Service West Agreement").  *See* Decl. of Marcia Jackson in Supp. of DEPFA BANK PLC's Motion to Dismiss ("Jackson Decl."), Ex. A.[3]  The quote, the first page of the DEPFA-Service West Agreement, dated April 6, 2011, listed DEPFA as both customer and dealer.  Service West quoted a price of $21,000 to "knock down, pick up, remove from site and bring back to warehouse"[4] the furniture.  The quote does not include any term, warranty, or statement about the condition or merchantability of the Adapta Workstations, or any other furniture requiring removal.

The work order, the second page of the DEPFA-Service West Agreement, signed by Marcia Jackson on behalf of DEPFA as the "client" on April 12, 2011, lists the job site as "DEPFA BANK PLC" at the 31st Floor of 622 Third Avenue.  The work order also lists "DEPFA BANK PLC" as the party to be billed for the services.  Under the sections entitled "Scope of Work" and "Special Instructions to Installers," there is more specific information about the furniture to be removed, including the "99 Adapta Workstations" at issue in this suit.  The work order also states that some of the used office furniture will be delivered to a

---

[2]The DEPFA-Service West Agreement is referenced in the Amended Complaint, *see* ¶¶ 15-16 ("Delivery Contract"), and therefore a copy of the agreement may be considered by the Court on this motion to dismiss.  *See, e.g., Travelers Cas. & Sur. Co. v. Dormitory Auth.* ("*Travelers I*"), No. 07 Civ. 6915 (DLC), 2008 WL 1882714, at *2, *5 (S.D.N.Y. Apr. 25, 2008)  (in deciding motion to dismiss third-party beneficiary claim, court may consider contract incorporated by reference in complaint) (citing *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)); *see also Subaru Distribs. Corp. v. Subaru of Am., Inc.* 425 F.3d 119, 122 (2d Cir. 2005) ("We are not obliged to accept the allegations of the complaint as to how to construe such documents, but at this procedural stage, we should resolve any contractual ambiguities in favor of the plaintiff.") (internal citations omitted); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

[3]All further references and quotations, unless otherwise noted, are to the DEPFA-Service West Agreement.

[4]First letters of all words were capitalized in the DEPFA-Service West Agreement.

"Warehouse at 11 Bond Street[,] Central Valley NY 10917."  Nowhere in the document, including under "Scope of Work" or "Special Instructions to Installers," does it include any term, warranty, statement, or any information whatsoever about the condition of any of the furniture, including the Adapta Workstations.  Neither BUZ nor Julian or Charles Boxenbaum were parties to the agreement between Service West and DEPFA.  Am. Compl. ¶¶ 16, 25.  Plaintiff does not allege that BUZ, Julian or Charles Boxenbaum paid any money to Service West or DEPFA for the Adapta Workstations or their delivery.  Plaintiff also does not allege that anyone from BUZ inspected the condition of the furniture prior to removal, or that DEPFA promised the furniture to be in any particular condition.

C.      The Removal and Attempted Offloading to the Warehouse

On or about April 14 and 15, 2011, Service West "disassembled and removed approximately 99 Adapta Workstations from the [31st Floor] and loaded these Workstations on six trucks" for delivery to the warehouse at 11 Bond Street.  Am. Compl. ¶ 18.  Upon arrival at the warehouse at 11 Bond Street, Julian Boxenbaum inspected some Adapta Workstations on two of the six trailers of furniture.  Id. ¶ 19.  He then rejected delivery of all the furniture.  Id. Service West then redirected the six trucks to its own warehouse, and BUZ claims that Service West thereafter refused to allow any further inspection of the workstations.  Id. ¶¶ 19-20.

D.      Plaintiff's Causes of Action

BUZ now brings suit against DEPFA and Service West for $280,000, the alleged resale value of the Adapta Workstations, because they now "have no resale value" due to their allegedly damaged condition from the removal process.  Am. Compl. ¶¶ 21-22.  BUZ does not assert a breach of any contract to which it was a party.  Rather, BUZ's first cause of action is for "third-party beneficiary of contract," because DEPFA and Service West allegedly "breached obligations owed to BUZ under the Delivery Contract by failing to provide for the safe and non-

negligent disassembly, removal, loading, transport, and offloading to BUZ of the ninety-nine

Adapta Workstations." *Id.* ¶ 25.  The sole remaining count is a negligence claim.  BUZ alleges

that DEPFA "owed BUZ a duty to supervise" Service West's removal of the furniture on the 31st

Floor, and "violated duties owed to BUZ" by failing to supervise the removal and allowing the

Adapta Workstations to become damaged and lose all resale value.  *Id.* ¶¶ 30, 32-33.


ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), a complaint "does not need detailed

factual allegations," but "a plaintiff's obligation to provide the grounds of his entitlement to

relief requires more than labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555, 127 S. Ct. 1955, 1964-65 (2007) (citations, internal quotation marks, and alterations

omitted).  A plaintiff must offer more than "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements" that "do not suffice" to state a claim.  *Ashcroft

v. Iqbal*, 129 S. Ct. 1937, 1949, 1950 (2009) (internal quotation marks omitted).  A complaint

"must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its

face."  *Id.* (citation omitted).  Plaintiff's Amended Complaint fails to meet this standard.  As set

forth below, the two causes of action asserted by Plaintiff fail to state claims as a matter of law,

and the Amended Complaint should be dismissed.

## I.     Plaintiff Has Failed to State a Claim as a Third-Party Beneficiary to the DEPFA-Service West Agreement

### A.     BUZ Did Not Have a Contract with DEPFA or Service West

BUZ does not allege the existence, or breach by DEPFA, of any contractual obligation

with BUZ.  "Ordinarily, '[a] non-party to a contract governed by New York law lacks standing to

enforce the agreement.'"  *Travelers Cas. & Sur. Co. v. Dormitory Auth.* ("*Travelers II*"), 734 F.

Supp. 2d 368, 376 (S.D.N.Y. 2010) (quoting *Premium Mortg. Corp. v. Equifax, Inc.,* 583 F.3d 103, 108 (2d Cir. 2009)).

Plaintiff instead relies on a specious claim that it is a third-party beneficiary to the contract between DEPFA and Service West.  *See* Am. Compl. ¶¶ 23-27.  To maintain a third-party beneficiary claim, BUZ must allege factual allegations that establish "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [its] benefit and (3) that the benefit to [it] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [it] if the benefit is lost." *Travelers II*, 734 F. Supp. 2d at 376 (internal citations and quotations omitted); *see also State of California Pub. Emps. Ret. Sys. v. Shearman & Sterling,* 718 N.Y.S.2d 256, 741 N.E.2d 101 (2000).  Dismissal is appropriate where, as is the case here, "the complaint relies on language in the contract or other circumstances that will not support the inference that the parties intended to confer a benefit on the claimant." *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 124-25 (2d Cir. 2005) (internal citation omitted).  BUZ's theory appears to be that DEPFA and Service West, through their agreement to "knock down, pick up, [and] remove" furniture, intended to confer the benefit of used Adapta Workstations in some marketable condition to BUZ, but failed to do so because cables on the workstations were severed during removal.  *See* Am. Compl. ¶ 19.  Plaintiff's theory cannot withstand even the most cursory scrutiny, because BUZ fails to allege any facts that show (1) an enforceable right in the agreement that Plaintiff could claim an immediate benefit or (2) even if there were such a right, that Plaintiff was the intended beneficiary of that right.

**B.**     BUZ Has No Third-Party Right to a Warranty or Particular Condition of the
Workstations, Because There is No Such Right in the Contract

A third-party beneficiary "possesse[s] no greater right to enforce a contract than the

actual parties to the contract" and is subject to the same defenses.  *BAII Banking Corp. v. UPG,*

*Inc.*, 985 F.2d 685, 697 (2d Cir. 1993) (internal citations and quotations omitted); *see also*

*Aretakis v. Fed. Express Corp.*, No. 10 Civ. 1696, 2011 WL 1226278, at *6 (S.D.N.Y. Feb. 28,

2011) (quoting *United Steelworkers of Am. v. Rawson,* 495 U.S. 362, 375, 110 S. Ct. 1904, 1913

(1990)).  The DEFPA-Service West Agreement required Service West to remove furniture: to

"knock down, pick up, remove from site and bring back to warehouse."  Jackson Decl., Ex. A.

Nowhere does it require either DEPFA or Service West to warranty the quality of the used

furniture or to remove it in any particular manner.  This makes commercial sense since DEPFA's

concern was the removal of the office furniture so that it could return the 31st Floor to the

landlord.  Plaintiff's repeated incantation that the agreement was to be done "in a safe and non-

negligent manner" is an insufficient, conclusory allegation; it does not allege any facts regarding

any warranty or condition in the DEPFA-Service West Agreement because none exists.

Plaintiff also fails to allege any breach of the agreement on the part of either DEPFA or

Service West upon which it could have relied to its immediate benefit.  It is the case, *a fortiori*,

that if a contract is fully performed (i.e. neither party has a basis to claim breach), then a *third-

party* has no basis to assert a claim, even as an intended beneficiary.  To find otherwise would

reach an absurd result—that an alleged third-party beneficiary was entitled to performance

beyond that compelled on the contract itself.  *See BAII Banking*, 985 F.2d at 697 ("it would be

contrary to justice or good sense to hold that [a third-party beneficiary] should acquire a better

right against the promisor than the promisee himself had") (quoting *Dunning v. Leavitt,* 85 N.Y.

30, 35 (1881)) (brackets in original).  Plaintiff alleges no facts to show that DEPFA had any

obligations under the agreement other than the payment of consideration to Service West for its

performance.  Nor does BUZ allege that Service West breached some term in the agreement with

DEPFA; Service West knocked down, picked up, and removed the used furniture from the site,

and then brought it back to the warehouse, all as specified in the agreement.  *See* Am. Compl. ¶

16; Jackson Decl., Ex. A.  In short, it fulfilled all the terms and conditions in the DEPFA-Service

West Agreement.  Since, at best, BUZ "step[s] into the shoes of the promisee," *Benson v.

Brower's Moving & Storage, Inc.*, 907 F.2d 310, 313 (2d Cir. 1990), it can only demand the

same performance that DEPFA negotiated with Service West, and that performance was satisfied

and did not include any warranty or term about the condition of the used workstations.  *See

Aretakis*, 2011 WL 1226278, at *6 (named recipient of package being transported by FedEx was

third-party beneficiary, but because contracting party "elected not to declare a value for the

package she sent . . . FedEx's liability to her is limited, by the language on the Airbill, to the

lesser of her actual damages or $100").

     C.     <u>BUZ Fails to Properly Allege it is an Intended Third-Party Beneficiary</u>

     Even if there were some benefit beyond that conferred by full performance by the parties

to the contract, BUZ has failed to properly allege that it was an intended beneficiary.  "A third

party is an intended beneficiary where either (1) no one other than the third party can recover if

the promisor breaches the contract or (2) the language of the contract otherwise clearly evidences

an intent to permit enforcement by the third party."  *Harger v. Price*, 204 F. Supp. 2d 699,

708 (S.D.N.Y. 2002) (internal citations and quotations omitted) (dismissing breach of contract

claim because the plaintiff was neither a party to the contract nor an intended third-party

beneficiary).  Clearly, the first prong has not been met by BUZ: there is no allegation that it is

the only party that could recover and ordinary contract principles dictate that the either DEPFA

or Service West could have brought a breach of contract action against the other if either party

believed the other was in breach.  *See Piccoli A/S v. Calvin Klein Jeanswear Co.*, 19 F. Supp. 2d

157, 162 n.29 (S.D.N.Y. 1998) (dismissing third-party beneficiary claim, holding that party to

contract "is entitled under ordinary principles of contract law to enforce the agreement" and

therefore first prong of test cannot be met).

Nor does BUZ allege that anything within the four corners of the contract indicated that

DEPFA and Service West sought for Plaintiff to be an intended beneficiary.  To create a third

party right to enforce a contract, "the language of the contract" must "*clearly* evidence[ ] an

intent to permit enforcement by the third party[.]"  *Consol. Edison, Inc. v. Northeast Utils.*, 426

F.3d 524, 528 (2d Cir. 2005) (emphasis added by Second Circuit, internal citations and

quotations omitted); *see also Travelers II*, 734 F. Supp. 2d at 376 ("the parties' intention to

benefit the third party must be gleaned from the face of the contract"); *Piccoli*, 19 F. Supp. 2d at

163 ( "the parties' intention to benefit the third party nonetheless must be revealed 'on the face

of the agreement'") (internal citation omitted).  That was not the case here.

First, the DEPFA-Service West Agreement, and Plaintiff's own allegations, show that the

agreement was intended to benefit DEPFA.  DEPFA was listed as the "dealer" and "customer,"

its premises was the location of the "job site," and Service West's primary task was to "knock

down, pick up, [and] remove from site."  BUZ itself admits that the primary purpose of the

contract was to "move and dispose of the Adapta Workstations."  Am. Compl. ¶ 12; *see also id.*

¶¶ 15-16.  Although the agreement contemplated BUZ's warehouse as the final destination for

the used office furniture, Service West's primary and intended purpose was to knock down, pick

up, and remove the workstations from the 31st Floor for the benefit of DEPFA.  *See Fourth*

*Ocean Putnam Corp. v. Interstate Wrecking Co.*, 495 N.Y.S.2d 1, 6, 485 N.E.2d 208, 213 (1985)

(demolition work contracted by municipality on property owned by plaintiff was "being

performed not as a means of benefiting plaintiff but to remedy plaintiff's default in order to protect the public against a public nuisance as authorized by the ordinance").

Second, Plaintiff asserts that "BUZ could accept delivery and ownership of the Adapta Workstations," Am. Compl. ¶ 17, but does not allege that DEPFA agreed to some promise related to the condition of the workstations, let alone allege that this promise was contained within the DEPFA-Service West Agreement.  Absent such factual pleadings, Plaintiff cannot demonstrate it was an intended beneficiary.  *See IBS Ketel, Ltd. v. Hanil Bank, Korea*, No. 98 Civ. 3507 (DC), 1999 WL 639696, at *2 (S.D.N.Y. Aug. 23, 1999) (dismissing third-party beneficiary claim because contract "does not . . . contain language on its face indicating that [contracting parties] intended to give plaintiff the right to enforce the contract").

That DEPFA gratuitously allowed BUZ to take ownership and designate the location for off-loading the used furniture it no longer wanted is an incidental benefit that is insufficient to support Plaintiff's claim.  "A third-party beneficiary exists only if the contracting parties intended to confer a benefit on a third party; 'it is not enough that some benefit incidental to the performance of the contract may accrue.'"  *Found. Ventures, LLC v. F2G, Ltd.*, No. 08 Civ. 10066, 2010 WL 3187294, at *9 (S.D.N.Y. Aug. 11, 2010) (quoting *McPheeters v. McGinn, Smith & Co.,* 953 F.2d 771, 773 (2d Cir. 1992)) (dismissing third-party beneficiary claim); s*ee also Solutia Inc. v. FMC Corp.*, 385 F. Supp. 2d 324, 338 (S.D.N.Y. 2005) (dismissing third-party beneficiary claim, stating that "[a]n incidental beneficiary is a third party who may derive benefit from the performance of a contract though he is neither the promisee nor the one to whom performance is to be rendered.") (internal quotations and citation omitted).  Reading the allegations in the light most favorable to Plaintiff, BUZ can at most be treated as a party that might assist in the performance of the contract, if it "accept[ed] delivery and ownership," Am.

Compl. ¶ 17, of used workstations.  This assistance (which, of course did not occur when BUZ

rejected delivery) is insufficient to make Plaintiff an intended beneficiary.  *See Subaru*, 425 F.3d

at 125-26 (upholding dismissal of claim, and noting that "[c]ontract language referring to third

parties as necessary to assist the parties in their performance does not therefore show an intent to

render performance for the third party's benefit . . . ."); *see also Travelers II*, 734 F. Supp. 2d at

376 (quoting *Subaru*).

Plaintiff asserts it is a third-party beneficiary to a contract between DEPFA and Service

West because it did not receive free furniture in a certain condition.  It has failed to make any

factual allegations about terms that would give rise to such an immediate right, failed to allege

how this non-existent obligation was breached, and has failed to explain how it was the intended

beneficiary of the agreement to remove furniture instead of DEPFA, the party seeking disposal.

For all of these reasons, Plaintiff's fact-free claim should be dismissed.

## II.      BUZ Fails to State a Claim for Negligence

Plaintiff's negligence cause of action is a non-starter.  "New York law does not recognize

a cause of action for the negligent performance of a contract." *RLI Ins. Co. v. King Sha Grp.*, 598

F. Supp. 2d 438, 444 (S.D.N.Y. 2009) (internal citations omitted).  Plaintiff alleges precisely this

improper cause of action when it tacks on a negligence charge to an Amended Complaint that

sounds entirely in contract.  "It is a well-established principle that a simple breach of contract is

not to be considered a tort unless a legal duty independent of the contract itself has been

violated," *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 521 N.Y.S.2d 653, 656-57, 516 N.E.2d

190, 193-94 (1987); *see also Liberty Mut. Ins. Co. v. York Hunter, Inc.,* 945 F. Supp. 742, 748-49

(S.D.N.Y. 1996) (quoting *Clark-Fitzpatrick*); *Osan Ltd. v. Acenture LLP*, 454 F. Supp. 2d 46,

53-54 (E.D.N.Y. 2006) (dismissing tort claim by third-party beneficiary to contract because a

contract action is the appropriate remedy), and therefore Plaintiff's negligence claim should be dismissed.

Plaintiff's vaguely stated allegations of a "duty" on the part of DEPFA is insufficient to salvage its negligence claim.  "This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract . . . ." *Clark-Fitzpatrick*, 521 N.Y.S.2d at 656-57, 516 N.E.2d at 193-94; *contra RLI Ins. Co.*, 598 F. Supp. 2d at 444 (finding independent duty in statutory obligations under New York City Administrative Code).  Yet Plaintiff's only allegation unique to its negligence claim against DEPFA is a conclusory statement that DEPFA "owed BUZ a duty to supervise" Service West's performance of the contract and that it violated that duty.  *See* Am. Compl. ¶¶ 30, 32.  This abstract claim is insufficient because Plaintiff points to no authority that gives rise to this "duty to supervise," and many cases have made clear that generalized claims of a "duty of due care" like this cannot support a negligence claim.  *See, e.g., Teachers Ins. & Annuity Ass'n of Am. v. CRIIMI Mae Servs. Ltd. P'ship*, No. 06 Civ. 0392, 2007 WL 7569162, at *1 (S.D.N.Y. Sept. 7, 2007) (dismissing gross negligence claim because plaintiff could cite no authority in law for an independent duty for defendant "to act with due care and prudence in accordance with prevailing servicing standards of conduct and performance"); *Clark-Fitzpatrick*, 521 N.Y.S.2d at 657, 516 N.E.2d at 194 ("Merely charging a breach of a 'duty of due care', employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim."); *Orlando v. Novurania of Am., Inc.,* 162 F. Supp. 2d 220, 224-25 (S.D.N.Y. 2001) (dismissing negligence claims because allegations of "negligent design, construction, maintenance and repair" is not a separately actionable claim from breach of contract action).

If DEPFA had any duty to BUZ, which it did not, "that duty arose exclusively from the alleged agreement," and therefore Plaintiff's negligence claim "is merely a reiteration of the breach of contract allegations with the added characterization of [the defendant's] actions as negligent or grossly negligent."  *Liberty Mut.*, 945 F. Supp. at 749.  Plaintiff's fact-free negligence claim is simply an attempt to enforce a non-existent contract claim through other means, and therefore must be dismissed.  *See New York Univ. v. Cont'l Ins. Co.*, 639 N.Y.S.2d 283, 288, 662 N.E.2d 763, 768 (1995) ("where a party is merely seeking to enforce its bargain, a tort claim will not lie").[5]

---

[5]Even if Plaintiff somehow adequately alleged an independent duty to support a negligence claim, the cause of action would still need to be dismissed because it is barred by New York's "economic loss rule."  *See generally Hydro Investors, Inc. v. Trafalagar Power Inc.,* 227 F.3d 8 (2d Cir. 2000).  The rule "restricts plaintiffs who have suffered 'economic loss,' but not personal or property injury, to an action for the benefit of their bargain.  If the damages are the type remedial in contract, a plaintiff may not recover in tort."  *Orlando*, 162 F. Supp. 2d at 225 (citation omitted).  Here, Plaintiff's only alleged damages are the resale value of the Adapta Workstations, and therefore an action cannot lie in tort.  *See id.* at 226 ("The only loss sufficiently pleaded is $20,000.00---the value of the boat under the contract.  Therefore, plaintiff's fourth cause of action, alleging fraudulent misrepresentation, is barred by New York's economic loss rule.").

## CONCLUSION

This case never should have been brought.  For the foregoing reasons, DEPFA respectfully requests that the Court dismiss the Amended Complaint with prejudice.


Dated:    New York, New York                 Respectfully submitted,
          August 15, 2011

                                              _____s/Peter J. Macdonald_____
                                              Peter J. Macdonald
                                              Craig R. Heeren
                                              WILMER CUTLER PICKERING
                                                   HALE AND DORR LLP
                                              399 Park Avenue
                                              New York, NY 10022
                                              Tel: (212) 230-8800
                                              Fax: (212) 230-8888
                                              Peter.Macdonald@wilmerhale.com