UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                                  :

BUZstudios LLC,                          :       11 Civ. 4792 (LAK)(KNF)

                Plaintiff,            :

          v.                             :

SERVICE WEST, INC. and DEPFA BANK PLC,  :

              Defendants.     :

------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

John G. Nicolich
**INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP**
250 Park Avenue
New York, NY 10177
(212) 907-9600

*Attorneys for Plaintiff*
*BUZstudios LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF FACTS .....................................................................................................1

    A.    Defendants' Agreement To Deliver
           Workstations To BUZ................................................................................2

    B.    BUZ's Rejection Of The Workstations.................................................................3

    C.    BUZ's Claims Against Defendants.......................................................................3

ARGUMENT ..........................................................................................................................4

    THIS COURT SHOULD DENY
    DEFENDANTS' MOTIONS TO DISMISS................................................................4

    A.    BUZ Has Stated A Claim As A Third-Party
           Beneficiary Under The Delivery Contract..............................................................5

        1.    BUZ Is An Intended Beneficiary
              Of The Delivery Contract ............................................................................5

        2.    BUZ Is Entitled To Immediate
              Benefits Of The Delivery Contract ............................................................6

    B.    BUZ Has Stated A Valid Negligence
           Claim Against Defendants .......................................................................................8

CONCLUSION.......................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.*,
    271 A.D.2d 49, 711 N.Y.S.2d 391 (2000) ...................................................10

*Aretakis v. Fed. Exp. Corp.*,
    No. 10 Civ. 1696, 2011 WL 1226278 (S.D.N.Y. Feb. 28, 2011) ...............6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S.Ct. 1955 (2007)..................................................4, 5

*Bialo v. Walter Lawlor, Inc.*,
    160 A.D.2d 559, 554 N.Y.S.2d 208 (1st Dep't 1990) ..............................7

*Clark-Fitzpatrick, Inc. v. Long Island Railroad Co.*,
    70 N.Y.2d 382, 521 N.Y.S.2d 653 (1987)...............................................9

*Greco v. National Transp. Co.*,
    15 A.D.2d 462, 222 N.Y.S.2d 145 (1st Dep't 1961) ...............................8

*Hydro Investors, Inc. v. Trafalgar Power, Inc.*,
    227 F.3d 8 (2d Cir. 2000).......................................................................10

*International Fid. Ins. Co. v. Gaco Western, Inc.*,
    299 A.D.2d 471, 645 N.Y.S.2d 522 (2d Dep't 1996) ..........................7, 8

*Liberty Mut. Ins. Co. v. York Hunter, Inc.*,
    945 F. Supp. 742 (S.D.N.Y. 1996) .........................................................9

*Madeira v. Affordable Hous. Found., Inc.*,
    469 F.3d 219 (2d Cir. 2006)....................................................................5

*Milau Associates v. North Avenue Dev. Corp.*,
    42 N.Y.2d 482, 398 N.Y.S.2d 882 (1977)..............................................7

*Nanopierce Technologies, Inc. v. Southridge Capital Mgmt., Inc.*,
    No. 02 Civ. 0767, 2004 WL 2754653 (S.D.N.Y. Dec. 2, 2004)..........5, 6

*Newman & Schwartz v. Asplundh Tree Expert Co.*,
    102 F.3d 660 (2d Cir. 1996)....................................................................5

*Orlando v. Novurania of America, Inc.*,
    162 F. Supp. 2d 220 (S.D.N.Y. 2001)................................................9, 10

*RLI Ins. Co. v. King Sha Group,*
　598 F. Supp. 2d 438 (S.D.N.Y. 2009) .......................................................................... 9

*Trans Caribbean Airways, Inc. v. Lockheed Aircraft Service-Int'l, Inc.,*
　14 A.D.2d 749, 220 N.Y.S.2d 485 (1st Dep't 1961) .................................................... 7

*Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.,*
　925 F.2d 566 (2d Cir. 1991) ......................................................................................... 6

**Statutes and Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 4

**Other Authorities**

22 N.Y. Jur. 2d (Contracts) § 311 ........................................................................................ 5

79 N.Y. Jur. 2d (Negligence) § 25 .................................................................................... 8, 9

79 N.Y. Jur. 2d (Negligence) § 26 ....................................................................................... 9

## PRELIMINARY STATEMENT

Defendants Service West, Inc. ("Service West") and DEPFA BANK plc ("DEPFA") attempt to avoid contractual and common law liability to Plaintiff BUZstudios LLC ("BUZ") by mischaracterizing the Amended Complaint and by misapplying and ignoring applicable New York law.

Defendants concede a contract (the "Delivery Contract") whereby Defendants provided for the disassembly, removal, transportation, and delivery to BUZ of six truckloads of used office equipment ("Workstations"). Defendants also do not dispute BUZ's allegations that (a) the Delivery Contract resulted from months of efforts by BUZ to save DEPFA the substantial costs of disposing of the six truckloads of Workstations; (b) the Workstations were intended to be resold by BUZ; and (c) the Workstations were irreparably damaged during removal and shipment to the BUZ warehouse.

Defendants nevertheless seek to avoid any liability to BUZ by contending that (a) BUZ has no rights as a third-party beneficiary of the Delivery Contract, and (b) Defendants had no duty to BUZ to disassemble, remove, load, and transport the Workstations in a non-negligent manner. In short, Defendants abdicate any responsibility for causing damage to the Workstations during performance of the Delivery Contract. As demonstrated below, Defendants' contentions are contrary to applicable New York law and should be rejected summarily.

## STATEMENT OF FACTS

The following facts are drawn from the Amended Complaint, filed July 29, 2011 ("Am. Compl.") and the Delivery Contract annexed as Exhibit A to the August 12, 2011 Declaration of Marcia Jackson, DEPFA's Head of Corporate Services – New York Office.

A.  **Defendants' Agreement To Deliver
    Workstations To BUZ**

In August 2010, a representative of Hypo Bank, an affiliate of DEPFA, contacted BUZ concerning the disposal of 99 Workstations originally designed by the principals of BUZ, Charles and Julian Boxenbaum (Am. Compl., ¶¶ 7-11). Over the ensuing months, Charles and Julian Boxenbaum had a series of communications with Marcia Jackson concerning how BUZ could assist DEPFA in arranging to move and dispose of the Workstations at minimal cost to DEPFA (*id.*, ¶ 12).

Julian Boxenbaum ultimately proposed that BUZ would accept, store and arrange to sell the Workstations, thereby saving DEPFA the costs of disposal and providing BUZ with Workstations for resale (*id.*, ¶ 13). Julian Boxenbaum also referred Marcia Jackson to Defendant Service West, a commercial moving company that purportedly was capable of safely and economically disassembling, removing, transporting, and offloading the Workstations to BUZ (*id.*, ¶ 14).

BUZ understands that Service West provided DEPFA a proposal for services that was less than the cost of other proposals for similar services received by DEPFA (*id.*, ¶ 15). DEPFA also agreed that BUZ could accept delivery and ownership of the Workstations, thereby saving DEPFA the cost of disposing of the 99 Workstations (*id.*, ¶ 17).

DEPFA and Service West thereafter entered into the Delivery Contract whereby Service West was to provide "Labor to Knock Down, Pick Up, Remove from Site and Bring Back to Warehouse" the 99 Workstations and 14 associated bookshelves (Delivery Contract, p. 1). The Work Order attached to the Delivery Contract provides that the Workstation and bookshelves were to be delivered to "Warehouse at 11 Bond Street, Central Valley, NY," which the Amended Complaint identifies as the BUZ warehouse (Am. Compl., ¶ 16). The Work Order also provides

2

for delivery of certain other office equipment "to Julian's address, 45 Main St., Brooklyn NY 11231."

### B. BUZ's Rejection Of The Workstations

On or about April 14-15, 2011, Service West disassembled and removed the 99 Workstations from DEPFA's premises and loaded the Workstations onto six trucks (Am. Comp., ¶ 18). Shortly after two of the trucks arrived at the BUZ warehouse on April 18, 2011, Julian Boxenbaum observed that (a) cables within the Workstations had been cut during disassembly, and (b) the Workstations had been negligently removed, loaded, transported, and offloaded without appropriate padding and cushioning, thereby rendering the Workstations irreparably damaged and unsaleable (*id.*, ¶ 19). Julian Boxenbaum accordingly rejected delivery of the Workstations, and all six truckloads of Workstations were redirected to a Service West warehouse in New Jersey (*id.*).

Service West subsequently refused BUZ the opportunity to conduct further inspection of the Workstations, which would have a resale value of approximately $280,000 if the Workstations had not been damaged from negligent disassembly, removal, loading, transport, and offloading (*id.*, ¶¶ 20-21).

### C. BUZ's Claims Against Defendants

As a result of the severing of cables within the Workstations during disassembly and the damages sustained to the Workstations during the removal, loading, transport and offloading of the Workstations without appropriate cushioning and packing materials, BUZ has asserted a claim against Defendants as a third-party beneficiary of the Delivery Contract. BUZ alleges that Defendants breached the Delivery Contract, which required the Workstations to be disassembled,

3

removed, loaded, transported, and offloaded in a safe and non-negligent manner (Am. Comp., ¶¶ 24-25).

BUZ also has asserted a claim for negligence against Defendants based on damages to the Workstations caused by Defendants' cutting of cables within the Workstations and Defendants' removal, loading, transport, and offloading of the Workstations without appropriate cushioning and packing materials (*id.*, ¶¶ 29-32).

Defendants now move for dismissal of the Amended Complaint based in part on conclusory and erroneous contentions that BUZ allegedly "provided no consideration or performance for the furniture" and that the "arrangement" with BUZ was purely "gratuitous." In fact, as noted above, BUZ's Amended Complaint makes clear that Defendants' arrangement with BUZ was the result of months of effort by BUZ's principals to assist DEPFA in arranging to move and dispose of the Workstations at minimal cost and at substantial savings to DEPFA (Am. Compl., ¶¶ 11-17). This arrangement also required BUZ to find sufficient warehouse space to accommodate the six truckloads of Workstations.

## ARGUMENT

### THIS COURT SHOULD DENY DEFENDANTS' MOTIONS TO DISMISS

Defendants, who have separately moved for dismissal of the Amended Complaint, have filed virtually identical memoranda of law that include the same arguments and cite the same authorities. *See* Memorandum Of Law In Support of DEPFA Bank PLC's Motion to Dismiss, Docket No. 17 ("DEPFA Memo."), and Memorandum Of Law In Support Of Service West, Inc.'s Motion To Dismiss, Docket No. 23 ("Service West Memo.").

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

4

U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). BUZ shows below that the Amended Complaint properly states claims against Defendants under this standard.

### A. BUZ Has Stated A Claim As A Third-Party Beneficiary Under The Delivery Contract

A party asserting rights as third-party beneficiary of a contract must allege facts showing "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting party of a duty to compensate him if the benefit is lost." *Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 251-52 (2d Cir. 2006). New York also "follows the prevailing modern rule that there is need for neither consideration from, nor privity with, nor obligation to, the third person." 22 N.Y. Jur. 2d (Contracts) § 311 (citations omitted).

Here, having submitted a copy of the Delivery Contract to the Court (Jackson Decl., Exh. A), Defendants have conceded the existence of a valid and binding contract between DEPFA and Service West. Defendants, however, contend that (a) BUZ was not an intended beneficiary of the Delivery Contract, and (b) BUZ was not to receive an "immediate benefit" under the Delivery Contract. Neither contention has merit.

### 1. BUZ Is An Intended Beneficiary Of The Delivery Contract

"A party need not be specifically mentioned in a contract to be considered a third-party beneficiary." *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 663 (2d Cir. 1996). Although "it has been said that 'the parties' intention to benefit the third-party must be gleaned from the face of the contract' . . ., it is also true that 'the defendant's obligation to the third-party beneficiary need not be explicitly stated in the contract itself.'" *Nanopierce*

5

*Technologies, Inc. v. Southridge Capital Mngmt, Inc.*, No. 02 Civ. 0767, 2004 WL 2754653, at *14 (S.D.N.Y. Dec. 2, 2004) (citations omitted); *accord, Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F.2d 566, 573 (2d Cir. 1991) ("In determining third-party beneficiary status it is permissible for the court to look at the surrounding circumstances as well as the agreement. . . . it is well-settled that the obligation to perform to the third-party beneficiary need not be expressly stated in the contract").

The Delivery Contract in fact establishes Defendants' intent to benefit BUZ because the attached Work Order provides for delivery of the 99 Workstations to the BUZ warehouse at 11 Bond Street in Central Valley, New York (besides providing for delivery of other office furniture to "Julian's address, 45 Main St., Brooklyn, NY 11231"). Defendants indeed concede that "the agreement contemplated BUZ's warehouse as the final destination" for the Workstations (Service West Memo., p. 9; DEPFA Memo., p. 9).

Moreover, Defendants' contention that BUZ is not an intended beneficiary of the Delivery Contract is amply refuted by a case cited by Defendants -- *Aretakis v. Fed. Exp. Corp.*, No. 10 Civ. 1696, 2011 WL 1226278, at *6 (S.D.N.Y. Feb. 28, 2011) -- where this Court found that the promisee under a contract with Federal Express, "by naming [plaintiff] the recipient of the package being transported for her by FedEx, evidenced her intent to give [plaintiff] the benefit of FedEx's promised performance."

Defendants therefore have no meritorious basis to contend that BUZ was not an intended beneficiary of the Delivery Contract.

2. **BUZ Is Entitled To Immediate Benefits Of The Delivery Contract**

Defendants contend that BUZ has no claim as a third-party beneficiary because the Delivery Contract allegedly does not "require either DEPFA or Service West to . . . remove [the

6

Workstations] in any particular manner" (Service West Memo., p. 7; DEPFA Memo., p. 7). Defendants' contention is contrary to New York law.

For example, in *International Fid. Ins. Co. v. Gaco Western, Inc.*, 229 A.D.2d 471, 474, 645 N.Y.S.2d 522, 525 (2d Dep't 1996), the Court ruled that "[a] person charged with performing work under a contract must exercise reasonable skill and care in performing the work and *negligence performance of this work may give rise to actions in tort and for breach of contract*" (emphasis added). See also *Milau Associates v. North Avenue Dev. Corp.*, 42 N.Y.2d 482, 486, 398 N.Y.S.2d 882, 885 (1977) (unless otherwise agreed, contractual "standard of performance [is] reasonable care and competence owed generally by practitioners in the particular trade or profession").

Similarly, in *Bialo v. Walter Lawlor, Inc.*, 160 A.D.2d 559, 560, 554 N.Y.S.2d 208, 209 (1st Dep't 1990), the Court stated that "[e]ven though the contract in question did not contain express terms as to performance, defendant was bound by an implied promise to perform the contract in a skillful and workmanlike manner." *Accord, Trans Caribbean Airways, Inc. v. Lockheed Aircraft Service-Int'l, Inc.*, 14 A.D.2d 749, 749, 220 N.Y.S.2d 485, 486 (1st Dep't 1961) ("A person undertaking to perform work is charged with the common law duty to exercise reasonable care and skill in the performance of the work. . . . Negligent performance of the work gives rise to an action in tort and for breach of contract").

Here, BUZ has alleged that Defendants breached the Delivery Contract and damaged the Workstations by negligently providing for the removal, transport and delivery of the 99 Workstations – *i.e.*, by severing cables within the Workstations during disassembly and by removing, loading, transporting, and offloading the Workstations without appropriate padding

7

and cushioning. BUZ accordingly has stated a valid cause of action for breach of contract as a third-party beneficiary of the Delivery Contract.

**B.     BUZ Has Stated A Valid Negligence
        Claim Against Defendants**

Defendants contend that BUZ asserts an "improper cause of action when it tacks on a negligence charge to the Amended Complaint that sounds entirely in contract" (Service West Memo., p. 11; DEPFA Memo., p. 11). Defendants thereby misconstrue both BUZ's negligence claim and applicable New York law.

"It is an elementary principle that actionable negligence requires *injury to the person or property* as a proximate result of the allegedly negligent act." *Greco v. National Transp. Co.*, 15 A.D.2d 462, 462, 222 N.Y.S.2d 145, 146 (1st Dep't 1961) (emphasis added). Here, BUZ has alleged that Defendants caused *injury to property* (the 99 Workstations) that was proximately caused by Defendants' negligent acts -- *i.e.*, by severing cables during disassembly and by failing to use appropriate cushioning and packing materials during removal, loading, transport, and offloading (Am. Compl., ¶¶ 29-33). Defendants cannot credibly contend that they owed no independent duty to avoid causing property damage to the Workstations.

That Defendants' negligence occurred in connection with the performance of a contract does not vitiate BUZ's claim. As set forth above, "negligence performance of [work under a contract] may give rise to actions in tort and for breach of contract." *International Fid. Ins. Co. v. Gaco Western, Inc.*, 229 A.D.2d at 474, 645 N.Y.S.2d at 525. New York law on this subject is clear:

> Generally, a person who contracts to do certain work is charged with the common-law duty of exercising reasonable care and skill in the performance of the work required to be done by the contract, and this duty may extend to third persons who are not parties to the agreement. While such a duty may arise out of contract, it is a separate and distinct

> undertaking from the contractual duty, and negligence arises not because
> of a breach of the contract, but because of a failure to perform the
> contractual duty with due care. In other words, a defendant may be
> liable in tort when it has breached a duty of reasonable care distinct from
> its contractual obligations or when it has engaged in tortious conduct
> separate and apart from its failure to fulfill its contractual obligations.
> . . . A breach of either the contractual duty or the duty of care will not
> necessarily imply a breach of the other, although the same conduct may
> at times constitute a tort as well as a breach of contract.

79 N.Y. Jur. 2d (Negligence) § 25 (citations omitted). *See also Clark–Fitzpatrick, Inc. v. Long Island Railroad Co.*, 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 656-57 (1987) (duty of due care "may be connected with and dependent upon the contract"); 79 N.Y. Jur. 2d (Negligence) § 26 ("where the injured person is the intended beneficiary of a contract, the party who negligently performed the contract may be found to have breached a legal duty to that person which is independent of the contract, entitling that person to bring a negligence action") (citation omitted).

The authorities cited by Defendants therefore are inapposite because those cases did not involve situations where, as here, Defendants violated an independent duty not to cause property damage. *See, e.g., Clark-Fitzpatrick*, 70 N.Y.2d at 390, 521 N.Y.S.2d at 657 ("plaintiff alleges that defendant failed to exercise 'due care' in designing the project, locating utility lines, acquiring necessary property rights, and informing plaintiff of problems with the project before construction began"); *RLI Ins. Co. v. King Sha Group*, 598 F. Supp. 2d 438, 444-45 (S.D.N.Y. 2009) (sustaining negligence claim where defendant had "an independent legal duty to perform construction work in accordance with the Code specifications"); *Liberty Mut. Ins. Co. v. York Hunter, Inc.*, 945 F. Supp. 742, 748 (S.D.N.Y. 1996) ("The gravamen of York Hunter's tort claims is that Liberty promised to include YHFS as a named insured in 1994-95 and failed to do so"); *Orlando v. Novurania of America, Inc.*, 162 F. Supp. 2d 220, 224-25 (S.D.N.Y. 2001)

(dismissing claim "that defendant had been negligent in the 'design, construction, maintenance, repair and sale' of the boat").

Finally, Defendants' footnoted contention that the "economic loss rule" bars BUZ's negligence claim similarly lacks merit. As the two cases cited by Defendants make clear, the economic loss rule does not apply where, as here, a negligence claim concerns *injury to property* such as the damage that Defendants caused to the Workstations. *See Hydro Investors, Inc. v. Trafalgar Power, Inc.*, 227 F.3d 8, 16 (2d Cir. 2000) ("[P]ure economic losses (*without property damage* or personal injury) are not recoverable in a negligence action . . . "), quoting *532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.*, 271 A.D.2d 49, 711 N.Y.S.2d 391, 393 (2000) (emphasis added); *Orlando v. Novurania of America, Inc.*, 162 F. Supp. 2d 220, 226 (S.D.N.Y. 2001) ("New York's economic loss rule restricts plaintiffs who have suffered 'economic loss,' *but not personal or property injury*, to an action for the benefit of the bargain") (citations omitted, emphasis added).

Here, BUZ has alleged that Defendants negligently caused property damage to the Workstations by severing cables and by removing, loading, transporting, and offloading the Workstations without appropriate cushioning and packing materials (Am. Compl., ¶¶ 29-33). BUZ accordingly has stated a valid cause of action for negligence.

## CONCLUSION

As demonstrated above, Defendants' motions, which mischaracterize BUZ's claims and misapply and ignore applicable law, never should have been made, and have served only to delay the trial of this case. BUZ respectfully requests that this Court deny Defendants' motions to dismiss in all respects.

Dated: New York, New York
August 26, 2011

INGRAM YUZEK GAINEN CARROLL
& BERTOLOTTI, LLP

By: _____
John G. Nicolich (JN 2381)
250 Park Avenue
New York, NY 10177
(212) 907-9600
jnicolich@ingramllp.com

*Attorneys for Plaintiff
BUZstudios LLC*

11