UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUZstudios LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 11 Civ. 4792 (LAK) (KNF) ) |
| SERVICE WEST, INC. and DEPFA BANK PLC, | ) ECF Case ) |
| Defendants. | ) ) ) |

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# DEPFA BANK PLC'S MOTION TO DISMISS

Peter J. Macdonald
Craig R. Heeren
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800

*Attorneys for DEPFA BANK plc*

**TABLE OF CONTENTS**

                                                <u>Page</u>

I.   Plaintiff's Third-Party Beneficiary Cause of Action Fails to State a Claim ............................1

      A.   BUZ Cannot Recover as a Third-Party Beneficiary Because There Was No Breach of Contract.................................................................................1

      B.   BUZ is Not an Intended Beneficiary of the DEPFA-Service West Agreement......................................................................................................3

II.   Plaintiff's Negligence Claim Must Also Be Dismissed .........................................................5

      A.   BUZ's Negligence Claim is a Restatement of its Contract Claim and Must Be Dismissed ..................................................................................................5

      B.   BUZ's Negligence Claim is Barred by the Economic Loss Doctrine.........................6

      C.   DEPFA is Not Responsible for the Actions of Service West, an Independent Contractor..................................................................................................7

Conclusion ..................................................................................................................................8

## TABLE OF AUTHORITIES

### CASES

Page(s)

*Am. Online Latino, Inc. v. Am. Online, Inc.*,
  250 F. Supp. 2d 351 (S.D.N.Y. 2003) .................................................................................1

*Ammar Textiles (PVT) Ltd. v. Contitrade Servs. Corp.*,
  No. 93 Civ. 237, 1994 WL 115993 (S.D.N.Y. Mar. 30, 1994) ...........................................1, 4

*Aretakis v. Fed. Express Corp.*,
  No. 10 Civ. 1696, 2011 WL 1226278 (S.D.N.Y. Feb. 28, 2011) ..........................................2

*BAII Banking Corp. v. UPG, Inc.*,
  985 F.2d 685 (2d Cir. 1993) ..............................................................................................2, 3

*Carrols Equities Corp. v. Villnave*,
  76 Misc. 2d 205, 350 N.Y.S.2d 90 (Sup. Ct. 1973),
  *aff'd*, 49 A.D.2d 672, 373 N.Y.S.2d 1012 (App. Div. 1975) ..............................................3

*Clark-Fitzpatrick, Inc. v. Long Island R. Co.*,
  70 N.Y.2d 382, 516 N.E.2d 190, 521 N.Y.S.2d 653 (1987) ............................................. 5-6

*Consol. Edison, Inc. v. Northeast Utils.*,
  426 F.3d 524 (2d Cir. 2005) ................................................................................................3

*East River S.S. Corp. v. Transamerica Delaval*,
  476 U.S. 858 (1986) .............................................................................................................7

*Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.*,
  66 N.Y.2d 38, 485 N.E.2d 208, 495 N.Y.S.2d 1 (1985) .....................................................4

*Larchmont Nurseries, Inc. v. Daly*,
  33 A.D.3d 872, 827 N.Y.S.2d 56 (App. Div. 2006) ............................................................3

*Lombard v. Booz-Allen & Hamilton, Inc.*,
  280 F.3d 209 (2d Cir. 2002) ............................................................................................2, 5

*MacDonald v. Heuer*,
  253 A.D.2d 795, 677 N.Y.S.2d 630 (App. Div. 1998) ........................................................8

*Nanopierce Tech., Inc. v. Southridge Capital Mgmt. LLC*,
  No. 02 Civ. 0767 (LBS), 2004 WL 2754653 (S.D.N.Y. Dec. 2, 2004) ..............................5

*New York Methodist Hosp. v. Carrier Corp.*,
  68 A.D.3d 830, 892 N.Y.S.2d 110 (App. Div. 2009) ..........................................................7

*New York Univ. v. Cont'l Ins. Co.*,
   87 N.Y.2d 308, 662 N.E.2d 763, 639 N.Y.S.2d 283 (1995)........................................................6

*Newman & Schwartz v. Asplundh Tree Expert Co.*,
   102 F.3d 660 (2d Cir. 1996).................................................................................................. 4-5

*Orlando v. Novurania of Am., Inc.*,
   162 F. Supp. 2d 220 (S.D.N.Y. 2001).......................................................................................6

*RLI Ins. Co. v. King Sha Grp.*,
   598 F. Supp. 2d 438 (S.D.N.Y. 2009).......................................................................................5

*Rochester-Genesee Regional Transp. Auth. v. Cummins, Inc.*,
   No. 09-CV-6370, 2010 WL 2998768 (W.D.N.Y. July 28, 2010) .............................................6

*Santella v. Andrews*,
   266 A.D.2d 62, 698 N.Y.S.2d 631 (App. Div. 1999) ................................................................8

*Schiffer v. Sunrise Removal, Inc.*,
   62 A.D.3d 776, 879 N.Y.S.2d 518 (App. Div. 2009) ............................................................7, 8

*Subaru Distribs. Corp. v. Subaru of Am., Inc.*,
   425 F.3d 119 (2d Cir. 2005)......................................................................................................4

*Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.*,
   925 F.2d 566 (2d Cir. 1991)......................................................................................................5

*Travelers Cas. & Sur. Co. v. Dormitory Auth.*,
   No. 07 Civ. 6915 (DLC), 2008 WL 1882714 (S.D.N.Y. Apr. 25, 2008) ..................................7

The Memorandum of Law in Opposition ("Opp.") submitted by Plaintiff BUZstudios LLC ("Plaintiff" or "BUZ") demonstrates only that the Amended Complaint fails to state a claim and must be dismissed.

**I.     Plaintiff's Third-Party Beneficiary Cause of Action Fails to State a Claim**

   A.   <u>BUZ Cannot Recover as a Third-Party Beneficiary Because There Was No Breach of Contract</u>

Plaintiff's first contention (Opp. 5-6) that it is an intended beneficiary to the DEPFA-Service West Agreement, ignores the legally dispositive principle that a third party cannot recover absent a breach of the contract.  BUZ alleges no breach of the DEPFA-Service West Agreement, nor any DEPFA BANK plc ("DEPFA") obligation beyond payment to Service West, Inc. ("Service West") (which it unquestionably made in full).  Plaintiff's claim that cables to the workstations were cut (Opp. 7) does not explain how that would breach a contract to "knock down, pick up, [and] remove" furniture for disposal, (Decl. of Marcia Jackson in Supp. of DEPFA BANK PLC's Motion to Dismiss ("Jackson Decl."), Ex. A), let alone how that could constitute a breach by *DEPFA*.  Plaintiff's failure to point to any terms, conditions or warranties that were breached requires dismissal of the third party beneficiary claim.  *See Am. Online Latino, Inc. v. Am. Online, Inc.*, 250 F. Supp. 2d 351, 363 n.65 (S.D.N.Y. 2003) (dismissing breach of contract claim because plaintiff alleged no contract between himself and defendant, and noting that "it is unnecessary to consider whether he is a third party beneficiary, as the complaint fails to allege any respect in which [the parties to the contract] breached any agreement between them."); *see also Ammar Textiles (PVT) Ltd. v. Contitrade Servs. Corp.*, No. 93 Civ. 237, 1994 WL 115993, at *6 (S.D.N.Y. Mar. 30, 1994) (dismissing claim in part because "[e]ven if plaintiff were the intended beneficiary of the contract, plaintiff has failed to establish the existence of a breach of the alleged agreement.").

Plaintiff's citation of *Aretakis v. Fed. Express Corp.* (Opp. 6) misses the point of that case. *Aretakis* held that even if a party is an intended beneficiary, it may only obtain the benefits embodied in the bargained-for contract. *See Aretakis v. Fed. Express Corp.,* No. 10 Civ. 1696, 2011 WL 1226278, at *6 (S.D.N.Y. Feb. 28, 2011). There, plaintiff could only recover the $100 maximum liability provided in a contract with Federal Express, because "Aretakis…gained no greater rights than Nolette had to recover damages." *See id.* at *6. But unlike in *Aretakis*, where there was an express limited liability clause if the package was mishandled, *see id.* at *1, BUZ fails to allege the existence of *any terms* related to liability for the condition of the furniture.[1] BUZ at best has no greater right to enforce the contract than the contracting parties, *see BAII Banking Corp. v. UPG, Inc.*, 985 F.2d 685, 697 (2d Cir. 1993), and therefore cannot claim some breach of a nonexistent term regarding workstations.

BUZ's vague allegation (Opp. 6-7) of a breach of an "implied" contractual duty of reasonable care also fails. First, Plaintiff has pled no facts and made no allegations about the care taken by DEPFA in the removal of the workstations (which is logical, given that DEPFA's only obligation was payment), and focuses exclusively on Service West's conduct. Since this is Plaintiff's only claim of breach, the contract cause of action against DEPFA must be dismissed.

Second, however characterized, Plaintiff's argument (Opp. 7) that allegedly negligent performance can create both a breach of contract and negligence cause of action is insufficient. Apart from some particular instances of accountant liability, "New York law confines liability to third parties for the negligent performance of a contract to cases involving personal injuries." *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 219 (2d Cir. 2002). Since Plaintiff does

---

[1] Additionally, *Aretakis* does not support Plaintiff's claim that it is an intended beneficiary. Unlike the agreement in this case, the contractual arrangement in *Aretakis* specifically contemplated that the plaintiff was a third-party beneficiary to the agreement. *See Aretakis,* 2011 WL 1226278, at *1.

not make these allegations, its third party claim based on negligent performance cannot be sustained.

Last, even if BUZ could bring a claim based on a breach of an implied promise by Service West to perform with reasonable care, it would fail because Service West fulfilled the terms of performance.  Resort to implied terms is not permitted where the agreement specifies the details by which the removal was to occur: "[W]hen a contractor performs its obligations in a workmanlike manner according to the plans and specifications agreed to by the owner, the contractor is not liable for [the] damage that may result." *Larchmont Nurseries, Inc. v. Daly*, 33 A.D.3d 872, 874, 827 N.Y.S.2d 56, 58 (App. Div. 2006).  Since Service West performed according to the terms of the contract, it met the necessary standard of care, and there was no breach.  *See Carrols Equities Corp. v. Villnave*, 76 Misc. 2d 205, 206, 350 N.Y.S.2d 90, 91 (Sup. Ct. 1973), *aff'd*, 49 A.D.2d 672, 373 N.Y.S.2d 1012 (App. Div. 1975), (Defendant "could not be liable to plaintiff at all" if he performed "in accordance with the specifications").  BUZ cannot now raise some vague and nonspecific standard of care to avoid the explicit terms of performance.  *See BAII Banking*, 985 F.2d at 697 ("contrary to justice or good sense" for third party to claim "better right[s]" than the promisee himself had) (internal citation omitted).

B.      BUZ is Not an Intended Beneficiary of the DEPFA-Service West Agreement

BUZ has also failed to demonstrate that it is an intended beneficiary of the DEPFA-Service West Agreement. *See* Opp. 5-6.  The language of the contract itself must "*clearly evidence*" an intent to allow third party enforcement.  *Consol. Edison, Inc. v. Northeast Utils.*, 426 F.3d 524, 528 (2d Cir. 2005) (emphasis added by Second Circuit).  The Amended Complaint contains no allegation of any language in the contract suggesting an intent to permit enforcement by BUZ.  Nor could it since the contract self-evidently is for the intended benefit of DEPFA for

the removal of furniture, as Plaintiff itself concedes.  *See* Am. Compl. ¶¶ 12, 15 -16 (admitting that DEPFA hired Service West to remove furniture in order to vacate office space).

That BUZ could receive the used furniture after it was removed is at best an incidental benefit.  Simply because a third party obtains some benefit from a contract between others does not on its own show that it was the *intended* beneficiary.  *See Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.*, 66 N.Y.2d 38, 45, , 485 N.E.2d 208, 213, 495 N.Y.S.2d 1, 6 (1985) (demolition work on plaintiff's property was performed for public, not plaintiff's benefit).  That a warehouse allegedly owned by BUZ is mentioned in the DEPFA-Service West Agreement is likewise insufficient to prove that BUZ was the intended beneficiary.  *See Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 125-26 (2d Cir. 2005) (reference in contract to assistance by third-party does not demonstrate intended benefit).  Other than the mention of the warehouse and other office space, BUZ provides no further indicia, such as a right to enforcement, to demonstrate that it was an intended beneficiary.  *See, e.g., Ammar Textiles*, 1994 WL 115993, at *5 (dismissing complaint because "the complaint's allegations do not sufficiently establish the contracting parties' intention to permit plaintiff's enforcement of the contract or their intent that no one other than [plaintiff] could recover for its breach"); *Fourth Ocean*, 66 N.Y.2d at 45, 485 N.E.2d at 212, 495 N.Y.S.2d at 5 ("fixing the rate or price at which the third party can obtain services or goods" as example of term that may create an intended beneficiary).  BUZ has failed to allege sufficient facts to show that it was an intended third party beneficiary, and therefore its claim should be dismissed.

The DEPFA-Service West Agreement contrasts sharply with the agreements described in the cases cited in support by Plaintiff (Opp. 5-6), where the benefit was clearly and explicitly contemplated in the contract.  *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d

660, 662 (2d Cir. 1996) (agreement was to "pay legal fees" arising from a specific criminal litigation, and therefore provider of legal services was intended beneficiary); *Nanopierce Tech., Inc. v. Southridge Capital Mgmt. LLC*, No. 02 Civ. 0767 (LBS), 2004 WL 2754653, at *3-4 (S.D.N.Y. Dec. 2, 2004) ("lock-up period" in stock purchase agreement was inserted at request of third party, and expressly contemplated the third-party's separate stock purchase agreement with one of the defendants); *Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F.2d 566, 574 (2d Cir. 1991) (Sudan was an intended third-party beneficiary because the plaintiff entered an agreement to forbear litigation against the Sudan).  BUZ alleges no similar facts that show that the contract in this case was intended for its benefit.

## II.     Plaintiff's Negligence Claim Must Also Be Dismissed

### A.    BUZ's Negligence Claim is a Restatement of its Contract Claim and Must Be Dismissed

Plaintiff's opposition brief fails to explain how its negligence cause of action is in any way different than its third party breach of contract claim; it actually clarifies that both are based on an identical claim of alleged negligence arising from Service West's removal of the workstations.  *Compare* Opp. 7 (breach by "negligently providing for the removal, transport and delivery" of the workstations); *with* Opp. 8 (negligence based on "negligent acts…during removal, loading, transport, and offloading").[2]  New York law is clear: a breach of contract claim cannot be treated as a tort absent some independent legal duty.  *See Clark-Fitzpatrick, Inc. v.*

---

[2] Mirroring its third party beneficiary claim, BUZ argues that its tort action can be maintained on a "negligent performance of contract" theory.  But this fails for the same reasons as explained *supra*: there is generally no cause of action for negligent performance of contract except for very limited circumstances that have not been alleged and do not apply in this case.  *See Lombard*, 280 F.3d at 219 (2d Cir. 2002); *see also RLI Ins. Co. v. King Sha Grp.*, 598 F. Supp. 2d 438, 444 (S.D.N.Y. 2009).

*Long Island R. Co.*, 70 N.Y.2d 382, 389, 516 N.E.2d 190, 193, 521 N.Y.S.2d 653, 656-57 (1987).  A negligence claim must arise "separate and apart from [a defendant's] failure to fulfill its contractual obligations," such as "[w]here a party has fraudulently induced the plaintiff to enter into a contract" or "where a party engages in conduct outside the contract but intended to defeat the contract…."  *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 316, 662 N.E.2d 763, 767-68, 639 N.Y.S.2d 283, 287-88 (1995).  BUZ alleges no "circumstances extraneous to, and not constituting elements of, the contract," *Clark-Fitzpatrick*, 70 N.Y.2d at 389, 516 N.E.2d at 194, 521 N.Y.S.2d at 656-57, and therefore its claim must be dismissed.

Plaintiff's claim (Opp. 9) that damage to the workstations constitutes an independent duty is incorrect because it is the subject of the contract.  An independent duty only arises with regard to damages caused to *other property*.  *See Rochester-Genesee Regional Transp. Auth. v. Cummins, Inc.*, No. 09-CV-6370, 2010 WL 2998768 at *9 (W.D.N.Y. July 28, 2010) (tort liability may be available under the "other property" exception to the general rule that damages arising from a contract cannot be brought as a tort); *see also Orlando v. Novurania of Am., Inc.,* 162 F. Supp. 2d 220, 224-25 (S.D.N.Y. 2001) (dismissing negligence claims and determining that "[i]f the damages are the type remedial in contract, a plaintiff may not recover in tort.").  Because Plaintiff has alleged no harm or damages except to the workstations in the contract, the tort claim must be dismissed.

    B.    <u>BUZ's Negligence Claim is Barred by the Economic Loss Doctrine</u>

Plaintiff similarly argues that this "property" damage to the workstations avoids the "economic loss rule" bar on tort claims, (Opp. 10), but this argument is also wrong.  BUZ's only alleged loss is the resale value of the workstations in the DEPFA-Service West Agreement, and no other costs, claims of unjust enrichment, or detrimental reliance are alleged.  Injury to the property subject to the contract, as alleged by BUZ, is the type of damages that are considered to

be "economic loss." *See East River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858, 870 (1986) (explaining that where "no person or *other* property is damaged, the resulting loss is purely economic") (emphasis added). And that injury is precisely the sort of claim barred by the economic loss rule. *See Travelers Cas. & Sur. Co. v. Dormitory Auth.*, No. 07 Civ. 6915 (DLC), 2008 WL 1882714, at * 3 (S.D.N.Y. Apr. 25, 2008) (under the economic loss doctrine, tort remedies are unavailable for "*injury to the product itself* or consequential losses flowing therefrom") (emphasis added); *see also New York Methodist Hosp. v. Carrier Corp.*, 68 A.D.3d 830, 831, 892 N.Y.S.2d 110, 112 (App. Div. 2009) (same). Since BUZ's only claim of injury is to the workstations covered by the DEPFA-Service West Agreement, the negligence claim is barred by the economic loss doctrine.

      C.      DEPFA is Not Responsible for the Actions of Service West, an Independent Contractor

Plaintiff's negligence claim against DEPFA must also be dismissed because the only allegations are about Service West's conduct, and DEPFA bears no liability for that defendant's actions. Service West is indisputably an independent contractor, and there are no allegations to suggest that anyone who works for Service West is an employee or under the control of DEPFA.[3] "[T]he general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts." *Schiffer v. Sunrise Removal, Inc.*, 62 A.D.3d 776, 778, 879 N.Y.S.2d 518, 521 (App. Div. 2009) (internal quotation omitted). As such, DEPFA is not liable for the actions of a separate furniture removal company. *See, e.g., id.* at 520-21, 778-79 (energy company not liable to plaintiff for negligent acts of company hired to

---

[3] "[W]here, as here, there is no conflict in the evidence" that the party was an independent contractor, "the question may properly be determined as a matter of law." *Schiffer v. Sunrise Removal, Inc.*, 62 A.D.3d 776, 779, 879 N.Y.S.2d 518, 521 (App. Div. 2009) (internal citations omitted).

remove old water heater); *MacDonald v. Heuer*, 253 A.D.2d 795, 795-96, 677 N.Y.S.2d 630, 631 (App. Div. 1998) (homeowner not liable to plaintiff injured by allegedly negligent removal of freon from homeowner's refrigerator).  Since Plaintiff has failed to allege any negligent conduct by DEPFA, the claims against it must be dismissed.[4]

### CONCLUSION

BUZ seeks damages for used furniture that it was gratuitously provided, but it cannot state a claim under the law of contract or tort.  For the foregoing reasons, DEPFA respectfully requests that the Court dismiss the Amended Complaint with prejudice.

Dated:   New York, New York
         September 2, 2011

Respectfully submitted,

     s/ Peter J. Macdonald
Peter J. Macdonald
Craig R. Heeren
WILMER CUTLER PICKERING
    HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888
Peter.Macdonald@wilmerhale.com

---

[4] Whether or not a DEPFA employee happened to be in the office while Service West removed the furniture is irrelevant and does not create any sort of tort liability for DEPFA.  *See Santella v. Andrews*, 266 A.D.2d 62, 63, 698 N.Y.S.2d 631, 632 (App. Div. 1999) ("[T]he mere retention of general supervisory powers over independent contractors cannot be a basis for the imposition of liability for their acts.") (internal citation omitted).  And plaintiff has alleged no facts that would indicate any sort of supervisory liability.  *See Schiffer*, 62 A.D.3d at 779, 879 N.Y.S.2d at 522 ("To hold a party liable under theories of negligent hiring, negligent retention, and negligent supervision, a plaintiff must establish that the party knew or should have known of the contractor's propensity for the conduct which caused the injury.") (internal quotations and citations omitted).