UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUZstudios LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> )    11 Civ. 4792 (LAK) (KNF) |
| v. | ) <br> )    ECF Case |
| SERVICE WEST, INC. and DEPFA BANK PLC, | ) <br> ) |
| Defendants. | ) <br> ) |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## SERVICE WEST, INC.'S MOTION TO DISMISS

Gerald M. Murphy
Luce, Forward, Hamilton & Scripps, LLP
121 Spear Street, Suite 200
San Francisco, California 94105
Telephone: 415.356.4689
Facsimile: 415.356.3897
E-Mail: gmurphy@luce.com

*Attorneys for Defendant Service West, Inc.*

## **TABLE OF CONTENTS**

**Page**

I.     BUZ Is Not An Intended Beneficiary of the DEPFA-Service West Agreement ................. 1

II.    BUZ Has Failed To State A Viable Breach Of Contract Or Negligence Claim ................. 2

III.   Conclusion ....................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ammar Textiles (PVT) Ltd. V. Contitrade Servs. Corpo.*,
   No. 93 Civ. 237, 1994 WL 115993 (S.D.N.Y. Mar. 30, 1994) ..................................................1

*Aretakis v. Fed. Exp. Corp.*,
   No. 10 Civ. 1696, 2011 WL 1226278 (S.D.N.Y. Feb. 28, 2011) ..........................................1, 2

*BAII Banking Corp. v. UPG, Inc.*,
   985 F.2d 685 (2d Cir. 1993)...................................................................................................2, 3

*Carrols Equities Corp. v. Villnave*,
   76 Misc. 2d 205, 350 N.Y.S.2d 90 (Sup. Ct. 1973),
   *aff'd*, 49 A.D.2d 672, 373 N.Y.S.2d 1012 (App. Div. 1975)......................................................2

*Clark-Fitzpatrick, Inc. v. Long Island R. Co.*,
   70 N.Y.2d 382, 516 N.E.2d 190, 521 N.Y.S.2d 653 (1987)......................................................3

*East River S.S. Corp. v. Transamerica Delaval*,
   476 U.S. 858 (1986)...................................................................................................................4

*Harger v. Price*,
   204 F.Supp.2d 699 (S.D.N.Y. 2002)..........................................................................................1

*Larchmont Nurseries, Inc. v. Daly*,
   33 A.D.3d 872, 827 N.Y.S.2d 56 (App. Div. 2006) ..................................................................2

*New York Univ. v. Cont'l Ins. Co.*,
   87 N.Y.2d 308, 662 N.E.2d 763, 639 N.Y.S.2d 283 (1995)......................................................3

*Orlando v. Novurania of Am., Inc.*,
   162 F. Supp. 2d 220 (S.D.N.Y. 2001)........................................................................................3

*Rochester-Genesee Regional Transp. Auth. v. Cummins, Inc.*,
   No. 09-CV-6370, 2010 WL 2998768 (W.D.N.Y. July 28, 2010) .............................................3

*Subaru Distribs. Corp. v. Subaru of Ain., Inc.*,
   425 F.3d 119 (2d Cir. 2005).......................................................................................................1

Case 1:11-cv-04792-LAK   Document 26   Filed 09/06/11   Page 4 of 7

As Plaintiff BUZstudios LLC ("BUZ") has responded collectively to Defendants Service West, Inc.'s ("Service West") and DEPFA BANK plc's ("DEPFA") (collectively "Defendants") separate Motions to Dismiss and the Defendants' positions are aligned[1], Service West will not burden the court with a full reiteration of the arguments raised by DEPFA in its Reply to BUZ's Memorandum of Law in Opposition to Defendants' Motions to Dismiss ("DEPFA's Reply") but, instead, joins in DEPFA's Reply and summarizes the key points as follows:

## I.   BUZ Is Not An Intended Beneficiary of the DEPFA-Service West Agreement

Simply put, the DEPFA—Service West Agreement does not evidence any intent to benefit BUZ. As discussed in DEPFA's Reply, the fact that a warehouse allegedly owned by BUZ is mentioned in the DEPFA-Service West Agreement is insufficient to prove that BUZ was the intended beneficiary. *See Subaru Distribs. Corp. v. Subaru of Ain., Inc.,* 425 F.3d 119, 125-26 (2d Cir. 2005) (reference in contract to assistance by third-party does not demonstrate intended benefit). Unlike in *Aretakis v. Fed. Exp. Corp.,* No. 10 Civ. 1696, 2011 WL 1226278 (S.D.N.Y. Feb. 28, 2011), cited by BUZ in its Opposition, there is no language in the DEPFA-Service West Agreement indicating an express intent to benefit a third-party recipient. In *Aretakis,* the airbill stated in the "Agreement to Terms" that "[b]y giving us your package to deliver, you agree to all the terms on this Airbill and in the current FedEx Service Guide . . . . You also agree to those terms on behalf of any third party with an interest in the package." *Id.* at *1. Here, as admitted in BUZ's Amended Complaint, DEPFA hired Service West to remove furniture in order to vacate office space. *See* Am. Compl., ¶¶12, 15-16.

As discussed in Service West's opening brief, BUZ does not allege that either "(1) no one other than the third party can recover if the promisor breaches the contract or (2) the language of the contract otherwise clearly evidences an intent to permit enforcement by the third party." *Harger v. Price,* 204 F.Supp.2d 699, 708 (S.D.N.Y. 2002); s*ee also Ammar Textiles,* 1994 WL 115993, at *5 (dismissing complaint because "the complaint's allegations do not sufficiently

---

[1] The only argument in DEPFA's Reply that does not apply to Service West pertains to DEPFA's responsibility for the actions of an independent contractor.

1

establish the contracting parties' intention to permit plaintiff's enforcement of the contract or their intent that no one other than [plaintiff] could recover for its breach"). BUZ's allegation that it is a third-party beneficiary of the DEPFA-Service West contract is a conclusionary statement at best. *See* Am. Compl., ¶24. Accordingly, BUZ's third-party beneficiary claim must be dismissed.

## II. BUZ Has Failed To State A Viable Breach Of Contract Or Negligence Claim

BUZ has failed to state a breach of contract or negligence claim against Service West. The DEPFA—Service West Agreement is for "Labor to Knock Down, Pick Up, Remove From Site and Bring Back to Warehouse" furniture for disposal. *See* Decl. of Marcia Jackson in Supp. of DEPFA's Motion to Dismiss, Exh. A. Even if BUZ was an intended third-party beneficiary, which it is not, it would have no greater right to enforce the contract than the contracting parties, and DEPFA – the party contracting with Service West – has conceded that work performed under the contract was done to its satisfaction. *See BAII Banking Corp. v. UPG, Inc.* 985 F.2d 685, 697 (2d Cir. 1993); *see also Aretakis, supra,* No. 10 Civ. 1696, 2011 WL 1226278 at *6 (even if a party is an intended beneficiary, it may only obtain the benefits embodied in the bargained-for contract, i.e., plaintiff could only recover the $100 maximum liability provided in a contract with Federal Express).

Likewise, BUZ cannot state a claim based on a breach of an implied promise by Service West to perform with reasonable care. Nowhere in the DEPFA-Service West Agreement is there any term, condition or warranty about the condition of the knocked down workstations. As discussed in DEPFA's Reply, resort to implied terms is not permitted where the agreement specifies the details by which the removal was to occur: "[W]hen a contractor performs its obligations in a workmanlike manner according to the plans and specifications agreed to by the owner, the contractor is not liable for [the] damage that may result." *Larchmont Nurseries, Inc. v. Daly,* 33 A.D.3d 872, 874, 827 N.Y.S.2d 56, 58 (App. Div. 2006). Since Service West performed according to the terms of the contract, it met the necessary standard of care, and there was no breach. *See Carrols Equities Corp. v. Villnave,* 76 Misc. 2d 205, 206, 350 N.Y.S.2d 90, 91 (Sup. Ct. 1973), *aff'd,* 49 A.D.2d 672, 373 N.Y.S.2d 1012 (App. Div. 1975), (Defendant "could not be

liable to plaintiff at all" if he performed "in accordance with the specifications"). BUZ cannot now raise some vague and nonspecific standard of care to avoid the explicit terms of performance. *See BAII Banking,* 985 F.2d at 697 ("contrary to justice or good sense" for third party to claim "better right[s]" than the promisee himself had) (internal citation omitted).

Similarly, BUZ has failed to allege any independent legal duty owed to it by Service West which would support a claim for negligence. Again, as covered at greater length in DEPFA's Reply, a negligence claim must arise "separate and apart from [a defendant's] failure to fulfill its contractual obligations," such as "[w]here a party has fraudulently induced the plaintiff to enter into a contract" or "where a party engages in conduct outside the contract but intended to defeat the contract...." *New York Univ. v. Cont'l Ins. Co.,* 87 N.Y.2d 308, 316, 662 N.E.2d 763, 767-68, 639 N.Y.S.2d 283, 287-88 (1995). BUZ alleges no "circumstances extraneous to, and not constituting elements of, the contract," *Clark-Fitzpatrick,* 70 N.Y.2d at 389, 516 N.E.2d at 194, 521 N.Y.S.2d at 656-57.

Moreover, BUZ's claim that damage to the workstations constitutes an independent duty is incorrect because it is the subject of the contract. An independent duty only arises with regard to damages caused to *other property. See Rochester-Genesee Regional Transp. Auth. v. Cummins, Inc.,* No. 09-CV-6370, 2010 WL 2998768 at *9 (W.D.N.Y. July 28, 2010) (tort liability may be available under the "other property" exception to the general rule that damages arising from a contract cannot be brought as a tort); *see also Orlando v. Novurania of Am., Inc.,* 162 F. Supp. 2d 220, 224-25 (S.D.N.Y. 2001) (dismissing negligence claims and determining that "[i]f the damages are the type remedial in contract, a plaintiff may not recover in tort."). Because Plaintiff has alleged no harm or damages except to the workstations in the contract, the tort claim must also be dismissed.

Lastly, BUZ cannot avoid the "economic loss rule" bar on tort claims. BUZ's only alleged loss is the resale value of the workstations in the DEPFA-Service West Agreement, and no other costs, claims of unjust enrichment, or detrimental reliance are alleged. Injury to the property subject to the contract, as alleged by BUZ, is the type of damages that are considered to be "economic loss."

*See East River S.S. Corp. v. Transamerica Delaval,* 476 U.S. 858, 870 (1986) (explaining that where "no person or *other* property is damaged, the resulting loss is purely economic") (emphasis added). Since BUZ's only claim of injury is to the workstations covered by the DEPFA-Service West Agreement, the negligence claim is barred by the economic loss doctrine.

### III.    Conclusion

For the reasons stated above, in DEPFA's Reply and in Defendants' moving papers, Service West respectfully requests that BUZ's Amended Complaint be dismissed with prejudice.

Dated: September 6, 2011                                  Respectfully submitted,

                                                          s/Gerald M. Murphy
                                                          Gerald M. Murphy
                                                          Luce, Forward, Hamilton & Scripps, LLP
                                                          121 Spear Street, Suite 200
                                                          San Francisco, California 94105
                                                          Telephone: 415.356.4689
                                                          Facsimile: 415.356.3897
                                                          E-Mail: gmurphy@luce.com

301277514.1

4