UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
BUZSTUDIOS, LLC,

                              Plaintiff,

                    -against-                                      11 Civ. 4792 (LAK)

SERVICE WEST, INC., et ano.,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        In view of the reluctance of counsel for defendant Service West, Inc., to appear for argument in person, the oral argument previously scheduled for November 30, 2011 is cancelled.

        First, even assuming that plaintiff was an intended beneficiary of the contract between DEPFA and Service West, the contract does not allege facts that, if proven, would permit a finding that DEPFA breached any contractual obligation. On the other hand, the allegations of the complaint might permit a conclusion that plaintiff was an intended beneficiary and that Service West breached a duty to perform in a workmanlike manner in circumstances in which plaintiff may be the only entity that might recover for breach of that duty. Accordingly, the motion of defendant DEPFA Bank PLC to dismiss the amended complaint is granted to the extent that the first claim for relief against it is dismissed and denied in all other respects.

        Second, given the alleged relationship between DEPFA and plaintiff, DEPFA arguably had a duty to exercise reasonable care in providing for the proper removal and transport of furniture that it transferring to plaintiff with the knowledge that it was to be resold, a duty that arguably was breached by inattention to the circumstances and terms of the removal. Moreover, while a simple breach of contract does not give rise to a claim in tort absent a legal duty independent of the contract, such a duty may "spring from circumstances extraneous to . . . the contract, although it may be connected with and dependent upon" it. *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 389 (1987). In this case, it may be arguable that Service West had a duty of care arising from the fact that the disassembly and transport of the furniture to plaintiff's warehouse reflected a transfer to plaintiff of title to the goods with a view to resale. Accordingly, Service West's motion to dismiss the amended complaint is denied.

        SO ORDERED.

Dated:        November 28, 2011

                                                                   Lewis A. Kaplan
                                                      United States District Judge