UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————

|  |  |  |
|---|---|---|
| BUZstudios LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 11 Civ. 4792 (LAK) (KNF) |
| v. | ) | |
| | ) | ECF Case |
| SERVICE WEST, INC. and DEPFA BANK PLC, | ) | |
| | ) | |
| Defendants. | ) | |

———————————————————————————


## SERVICE WEST, INC.'S ANSWER TO AMENDED COMPLAINT


Gerald M. Murphy (*pro hac vice*)
Luce, Forward, Hamilton & Scripps, LLP
121 Spear Street, Suite 200
San Francisco, California 94105
Telephone: 415.356.4689
Facsimile: 415.356.3897
E-Mail: gmurphy@luce.com

*Attorneys for Defendant Service West, Inc.*

Defendant Service West, Inc. ("Service West") hereby answers the Amended Complaint (the "Complaint") of Plaintiff BUZstudios LLC ("BUZ") as follows:

## ANSWER

### NATURE OF CASE

1.      Responding to paragraph 1 of the Complaint, Service West affirmatively alleges that paragraph 1 consists of an improper narrative, an alleged summary of the claims in the Complaint, and alleged legal arguments and conclusions, all of which are contrary to Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that the Complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although some of the factual allegations contained in paragraph 1 may be accurate when viewed in isolation, as a whole they comprise improper legal conclusions and argument.  Based on the foregoing, Service West generally denies the allegations contained in paragraph 1.

### PARTIES

2.      Responding to paragraph 2 of the Complaint, Service West lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and on that basis denies the same.

3.      Responding to paragraph 3 of the Complaint, Service West admits that it is a corporation organized under the laws of the State of California, with its principal place of business at 2054 Burroughs Avenue, San Leandro, California, and its website states that it is "the world's largest independent furniture installation company" and "appl[ies] best practices."  Service West denies the remaining allegations in paragraph 3.

4.      Responding to paragraph 4 of the Complaint, Service West lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and on that basis denies the same.

## JURISDICTION AND VENUE

5.      Responding to paragraph 5 of the Complaint, Service West admits the allegations therein.

6.      Responding to paragraph 6 of the Complaint, Service West admits the allegations therein.

## FACTS

7.      Responding to paragraph 7 of the Complaint, Service West lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and on that basis denies the same.

8.      Responding to paragraph 8 of the Complaint, Service West lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and on that basis denies the same.

9.      Responding to paragraph 9 of the Complaint, Service West lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and on that basis denies the same.

10.      Responding to paragraph 10 of the Complaint, Service West lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and on that basis denies the same.

11.     Responding to paragraph 11 of the Complaint, Service West lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and on that basis denies the same.

12.     Responding to paragraph 12 of the Complaint, Service West lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and on that basis denies the same.

13.     Responding to paragraph 13 of the Complaint, Service West lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and on that basis denies the same.

14.     Responding to paragraph 14 of the Complaint, Service West lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and on that basis denies the same.

15.     Responding to paragraph 15 of the Complaint, Service West admits that it provided Defendant DEPFA BANK plc ("DEPFA") with a proposal to "knock down , pick up, remove from site and bring back to warehouse" certain furniture, including Adapta workstations.  Service West lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 15 and on that basis denies the same.

16.     Responding to paragraph 16 of the Complaint, Service West admits that DEPFA accepted its proposal to "knock down , pick up, remove from site and bring back to warehouse" located at "11 Bond Street[,] Central Valley NY  10917" certain furniture, including Adapta workstations.  Service West denies the remaining allegations in paragraph 16.

17.     Responding to paragraph 17 of the Complaint, Service West lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and on that basis denies the same.

18.     Responding to paragraph 18 of the Complaint, Service West admits that it disassembled and removed certain furniture, including approximately 99 Adapta workstations from DEPFA's office, loaded the furniture into six trucks for transport and delivery to the designated warehouse.  Service West denies the remaining allegations in paragraph 18.

19.     Responding to paragraph 19 of the Complaint, Service West admits that the trucks used by Service West to transport the furniture removed from DEPFA's office arrived at the designated warehouse on April 18, 2011 and were redirected to Service West's warehouse in New Jersey.  Service West denies the remaining allegations in paragraph 19.

20.     Responding to paragraph 20 of the Complaint, Service West denies the allegations therein.

21.     Responding to paragraph 21 of the Complaint, Service West lacks sufficient information or knowledge to form a belief as to the truth of the allegations regarding the resale value of the 99 Adapta workstations, including the Artemide task lamps and Innovative computer arms, and on that basis denies the same.  Service West denies the remaining allegations in paragraph 21.

22.     Responding to paragraph 22 of the Complaint, Service West denies the allegations therein.

### FIRST CAUSE OF ACTION
**(Third-Party Beneficiary of Contract)**

23.     Paragraph 23 of the Complaint contains no relevant factual allegations that Service West would be required to admit or deny.  To the extent that a response is deemed necessary, Service West denies the allegations.

24.      Responding to paragraph 24 of the Complaint, Service West denies the allegations therein.

25.      Responding to paragraph 25 of the Complaint, Service West denies the allegations therein.

26.      Responding to paragraph 26 of the Complaint, Service West denies the allegations therein.

27.      Responding to paragraph 27 of the Complaint, Service West denies the allegations therein.

## SECOND CAUSE OF ACTION
### (Negligence)

28.      Paragraph 28 of the Complaint contains no relevant factual allegations that Service West would be required to admit or deny.  To the extent that a response is deemed necessary, Service West denies the allegations.

29.      Responding to paragraph 29 of the Complaint, Service West denies the allegations therein.

30.      Responding to paragraph 30 of the Complaint, Service West lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and on that basis denies the same.

31.      Responding to paragraph 31 of the Complaint, Service West denies the allegations therein.

32.      Responding to paragraph 32 of the Complaint, Service West lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and on that basis denies the same.

33.     Responding to paragraph 33 of the Complaint, Service West denies the allegations therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Service West.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

BUZ is estopped by its conduct and actions from asserting any and all claims for damages or equitable relief, whether as alleged in the Complaint or otherwise.

### THIRD AFFIRMATIVE DEFENSE
### (Wavier, Excuse and Release)

Any purported obligation or duty alleged in the Complaint which Service West may have owed has been excused, released or waived.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The relief sought is barred by BUZ's unclean hands and shared fault.

### FIFTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

BUZ is not entitled to any relief from Service West because BUZ would be unjustly enriched if it recovered any damages alleged to have been sustained by it.

### SIXTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

No act or omission of Service West was the cause in fact or the proximate cause of the injuries and damages, if any, sustained by BUZ.

## SEVENTH AFFIRMATIVE DEFENSE
### (Statutes of Limitation)

Service West is informed and believes and thereon allege that the Complaint, and each cause of action thereof, is barred by the statutes of limitation applicable to the present action.

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Good Faith)

Service West alleges that BUZ failed to act in good faith and to deal fairly with Service West and that BUZ is thereby precluded from recovery herein.

## NINTH AFFIRMATIVE DEFENSE
### (Modification)

Any contract alleged in the Complaint has been modified, and there is no liability on the part of Service West arising from the alleged agreement.

## TENTH AFFIRMATIVE DEFENSE
### (Novation)

Any contract alleged in the Complaint has been altered by the doctrine of novation, and there is no liability arising out of such contract on the part of Service West.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure of Consideration, Frustration of Purpose)

Any obligation alleged in the Complaint was excused because the consideration for it materially failed and the purpose of the parties was materially frustrated, without fault of Service West.

## TWELFTH AFFIRMATIVE DEFENSE
### (Parol Evidence)

BUZ's claims are barred, in whole or in part, by the parol evidence rule.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Mitigation)

Service West is informed and believes, and thereon alleges that BUZ's alleged damages, if any, are the result, in whole or in part, of BUZ's failure to exercise reasonable care to reduce or mitigate the damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (Service West's Full Performance)

Service West is informed and believes and thereon alleges, that it has performed and fully discharged any and all obligations and legal duties pertinent to the matters alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
### (Conditions Precedent)

BUZ has failed to perform various conditions precedent to any alleged legal duty on the part of Service West, and by reason of such failure, Service West is excused from any alleged duty.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Inconvenient Forum)

BUZ's claims against Service West should be dismissed because venue as to Service West in this forum is inconvenient.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Consent)

BUZ consented to and approved all of the acts and omissions about which it now complains.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Duty of Care)

Because BUZ is not a party or intended beneficiary to the contract alleged in the Complaint, Service West did not and cannot owe a legal duty to BUZ.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

BUZ is not an intended beneficiary of any immediate, rather than incidental, benefit under the contract alleged in the Complaint and, therefore, lacks standing to bring the present action.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Rule 11 of the Federal Rules of Civil Procedure)

Service West is informed and believes and thereon alleges that BUZ has filed this lawsuit for improper purposes, those being to harass Service West through the use of the legal system, to require Service to spend time and money defending against meritless claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Service West presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Service West reserves herein the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Service West prays:

1.      That BUZ's Complaint be dismissed with prejudice, the BUZ take nothing by this action and that judgment be entered against BUZ and in favor of Service West;

2.      For costs of suit;

3.      For attorney's fees; and

4.      For such other and further relief as the court deems just and proper.


Dated: December 12, 2011                    Respectfully submitted,

                                            s/Gerald M. Murphy
                                            Gerald M. Murphy (*pro hac vice*)
                                            Luce, Forward, Hamilton & Scripps, LLP
                                            121 Spear Street, Suite 200
                                            San Francisco, California 94105
                                            Telephone: 415.356.4689
                                            Facsimile: 415.356.3897
                                            E-Mail: gmurphy@luce.com

301298385.1