UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUZstudios LLC, <br><br> Plaintiff, <br><br> v. <br><br> SERVICE WEST, INC. and DEPFA BANK PLC, <br><br> Defendants. | 11 Civ. 4792 (LAK) (KNF) <br><br> ECF Case |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT DEPFA BANK PLC**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant DEPFA BANK plc ("DEPFA"), by their attorneys, Wilmer Cutler Pickering Hale and Dorr LLP, hereby answer the Amended Complaint of Plaintiff, BUZstudios LLC ("Plaintiff" or "BUZ") ("the Complaint") as set forth below.

**ANSWER**

DEPFA responds to the individually numbered paragraphs of the Complaint as follows:

1.      This Paragraph of the Complaint purports to characterize terms of a written document which speaks for itself, and, accordingly, DEPFA denies any description or characterization that varies or differs from the document as a whole.  The allegations set forth in this Paragraph also constitute legal conclusions for which no response is required.  DEPFA denies the remaining allegations set forth in this Paragraph of the Complaint.

2.      DEPFA admits that BUZ is a limited liability company organized under the laws of the State of New York.  DEPFA is without sufficient knowledge or information to form a

belief as to the truth of the remaining allegations asserted in this Paragraph of the Complaint and therefore denies those allegations.

  3. DEPFA is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in this Paragraph of the Complaint and therefore denies them.

  4. DEPFA admits the allegations set forth in this Paragraph of the Complaint.

  5. The allegations set forth in this Paragraph of the Complaint constitute legal conclusions for which no response is required.

  6. The allegations set forth in this Paragraph of the Complaint constitute legal conclusions for which no response is required.

  7. DEPFA admits that an entity related to Hypo Bank leased the 31st floor at 622 Third Avenue, New York, New York.  DEPFA is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in this Paragraph of the Complaint and therefore denies them.

  8. DEPFA is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in this Paragraph of the Complaint and therefore denies them.

  9. DEPFA denies the allegations set forth in this Paragraph of the Complaint.

  10. DEPFA admits that the landlord of 622 Third Avenue, New York, New York did not renew the lease of the 31st floor at that address.  DEPFA denies the remaining allegations set forth in this Paragraph of the Complaint.

  11. DEPFA admits that Stephen Altman has communicated with Charles Boxenbaum. DEPFA denies the remaining allegations set forth in this Paragraph of the Complaint.

12. DEPFA admits that Marcia Jackson has communicated with Charles and Julian Boxenbaum. DEPFA denies the remaining allegations set forth in this Paragraph of the Complaint.

13. DEPFA denies the allegations set forth in this Paragraph of the Complaint.

14. DEPFA admits that Julian Boxenbaum recommended Service West. DEPFA denies the remaining allegations set forth in this Paragraph of the Complaint.

15. DEPFA admits that Service West submitted a proposal to remove furniture from 622 Third Avenue, New York, New York. DEPFA denies the remaining allegations set forth in this Paragraph of the Complaint.

16. DEPFA admits that it had a written contract with Service West. DEPFA denies the remaining allegations set forth in this Paragraph of the Complaint.

17. DEPFA denies the allegations set forth in this Paragraph of the Complaint.

18. DEPFA admits that Service West removed certain furniture from 622 Third Avenue, New York, New York. DEPFA denies the remaining allegations set forth in this Paragraph of the Complaint.

19. DEPFA admits that Julian Boxenbaum rejected delivery of furniture from Service West at a warehouse in Central Valley, New York. DEPFA is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in this Paragraph of the Complaint regarding communications between BUZ and Service West, and therefore denies them. DEPFA denies the remaining allegations in this Paragraph of the Complaint.

20. No response to this Paragraph of the Complaint is required by DEPFA because no allegations are "asserted against it by an opposing party." Fed.R.Civ.P. 8(b)(1)(B). To the extent necessary, DEPFA states that it is without sufficient knowledge or information to form a

belief as to the truth of the allegations asserted in this Paragraph of the Complaint, and therefore denies them.

21. DEPFA denies the allegations set forth in this Paragraph of the Complaint.

22. DEPFA denies the allegations set forth in this Paragraph of the Complaint.

## FIRST CAUSE OF ACTION

### Third-Party Beneficiary of Contract

23. DEPFA incorporates its responses to Paragraphs 1 to 22 set forth above as if fully set forth herein.

24. DEPFA denies the allegations set forth in this Paragraph of the Complaint.

25. DEPFA denies the allegations set forth in this Paragraph of the Complaint.

26. DEPFA denies the allegations set forth in this Paragraph of the Complaint.

27. DEPFA denies the allegations set forth in this Paragraph of the Complaint.

## SECOND CAUSE OF ACTION

Negligence

28. DEPFA incorporates its responses to Paragraphs 1 to 27 set forth above as if fully set forth herein.

29. DEPFA denies the allegations set forth in this Paragraph of the Complaint.

30. DEPFA denies the allegations set forth in this Paragraph of the Complaint.

31. DEPFA denies the allegations set forth in this Paragraph of the Complaint.

32. DEPFA denies the allegations set forth in this Paragraph of the Complaint.

33. DEPFA denies the allegations set forth in this Paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, DEPFA asserts the following affirmative defenses.  DEPFA reserves the right to assert further defenses that may arise or be identified in the course of further investigation, discovery, or litigation of this action.

### FIRST AFFIRMATIVE DEFENSE

The allegations of the Complaint fail to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The allegations of the Complaint are barred or limited by Plaintiff's contributory negligence, culpable conduct, and/or comparative fault.

### THIRD AFFIRMATIVE DEFENSE

The allegations of the Complaint are barred by consent, estoppel, ratification, acquiescence, waiver and/or by virtue of the parties' course of dealing.

### FOURTH AFFIRMATIVE DEFENSE

The allegations of the Complaint are barred by the economic loss doctrine.

### FIFTH AFFIRMATIVE DEFENSE

The allegations of the Complaint are barred by voluntary assumption of risk.

### SIXTH AFFIRMATIVE DEFENSE

Liability of DEPFA for any breach of any duty to BUZ is precluded or reduced by any negligent act or liability on the part of defendant Service West, Inc.

### SEVENTH AFFIRMATIVE DEFENSE

The allegations of the Complaint are barred because DEPFA had no duty or obligation to supervise an independent contractor.

### EIGHTH AFFIRMATIVE DEFENSE

The allegations of the Complaint are barred by the doctrine of unclean hands.

- 6 -

### NINTH AFFIRMATIVE DEFENSE

The allegations of the Complaint are barred by BUZ's unjust enrichment.

### TENTH AFFIRMATIVE DEFENSE

The allegations of the Complaint are barred by lack of causation.

### ELEVENTH AFFIRMATIVE DEFENSE

Liability of DEPFA for any breach of any duty to BUZ is precluded or reduced by the failure to mitigate damages.

Dated: New York, New York
December 12, 2011

/s/ Peter J. Macdonald
Peter J. Macdonald
Craig R. Heeren
WILMER CUTLER PICKERING
   HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888
Peter.Macdonald@wilmerhale.com