UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
:
BUZ studios LLC,                                       :
:       11-cv-04792   (LAK)
           Plaintiff,                                  :
:       **JOINT RULE 26(f) REPORT**
    v.                                                 :
:
SERVICE WEST, INC., and DEPFA                          :
BANK PLC,                                              :
:
           Defendants.                                 :
-------------------------------------------------------x

       Pursuant to Federal Rule of Civil Procedure 26(f), the parties, through their undersigned counsel of record, hereby submit the following report.

I. **Conference Held**

The following persons participated in a Rule 26(f) teleconference on February 14, 2012:

    A.    John G. Nicolich, representing plaintiff BUZstudios, LLC ("BUZstudios");

    B.    Craig R. Heeren, representing defendant DEPFA BANK, plc ("DEPFA"); and

    C.    Gerald M. Murphy, representing defendant Service West, Inc. ("Service West").

II. **Proposed Discovery Plan**

    A.    The parties propose the following discovery deadlines:

        1.    Initial Disclosures: March 1, 2012;

        2.    Document production and privilege log: good faith effort to complete by April 15, 2012; any outstanding documents by April 30;

        3.    Fact Discovery Cutoff: May 31, 2012;

        4.    Initial Expert Disclosures: June 10, 2012;

       5.     Rebuttal Expert Disclosures: July 1, 2012;

       6.     Discovery Cutoff: July 15, 2012;

       7.     Pretrial Order: August 6, 2012;

B.    The parties anticipate the need for discovery on the topics specified below:

       1.     Communications and agreements by any of the parties related to the disassembly, removal, transport, delivery, inspection, and/or disposal of the 99 Adapta model workstations that are the subject of this action (the "Workstations").

       2.     Actions taken by any of the parties, or by any of the parties' employees, agents, or subcontractors, concerning the disassembly, removal, transport, delivery, inspection, and/or disposal of the Workstations.

       3.     The condition of the Workstations at times relevant to this action.

       4.     The value of the Workstations at times relevant to this action.

       5.     Any relationships or duties existing between and among BUZstudios, Service West, and/or DEPFA.

C.    The parties agreed to exchange electronically stored information in the following manner:

       1.     <u>Paper documents</u>: The parties will scan their hard-copy documents and produce them in single-page TIFF format with an accompanying .DAT load file, where the first of line the .DAT file is the field tags, and an accompanying OPT file.

       2.     <u>Electronically Stored Information</u>: The parties will produce their emails and other ESI in single-page TIFF format with extracted-text files for non-

redacted files and, if necessary, OCR-text files for redacted documents or scanned paper documents. Text files should be provided as multi-page, document-level text files, and should be named after the Starting Bates Number for that document. The parties will receive an accompanying .DAT load file (where the first line is the field tags), that will contain the following agreed-upon Metadata fields: All Custodians, Custodian, Bates Begin, Bates End, Bates Begin Attach, Bates End Attach, Subject, From, To, CC, BCC Mime Type (File Type based on actual header info), MD5 Hash, Creation Date (date and time together in field, e.g. "01/23/11 18:31"), Modification Date (date and time together in field), Sent Date (date and time together in field), Folder Name, File Path, File Name, Path to Text, Path to Native (if applicable). The parties will also receive an accompanying OPT link file. Metadata files should use standard Concordance formatting; delimiter, text qualifier, new line, and multi-value separator characters are acceptable. All TIFF images should be Standard CCITT Group IV format, 300 DPI, single stripped black-and-white TIFFs.

a. The parties will perform a global de-duplication of their respective e-mail productions, and provide the names of all custodians in the "All Custodians" Metadata field.

b. The parties reserve their rights to request certain files, including, but not limited to, Excel documents, in native format.

c. Digital photographs will be produced as jpeg files.

403778_1/01166-0004

       3. The parties will confer in good faith to resolve any unexpected technical issues that arise over the course of the litigation.

D. The parties will address any privilege issues if and as they arise. The parties agree that a privilege log is not required for documents created after commencement of this action on July 12, 2011.

E. The parties do not propose any variations to the Federal or local rules.

F. The parties do not currently anticipate the need for the Court to issue any orders pursuant to Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c), except for the following:

       1. Plaintiff BUZstudios believes that a motion requesting sanctions for spoliation of evidence is warranted because (a) counsel for Service West has informed the parties that the Workstations, which had been at a Service West warehouse, have been "disposed of" and; (b) the disposal occurred after Service West received notice that BUZstudios had a claim for damages relating to the Workstations. BUZstudios therefore requests a conference with the Court to address this issue. Defendant Service West views any such request for sanctions to be frivolous as there was (a) ample warning to BUZstudios to pick up the equipment, which it elected not to do; (b) there was no complaint on file, and thus no jurisdiction over Service West or the equipment at the time of its disposition; (c) no duty to store disputed equipment free of charge for the duration of a threatened lawsuit; and (d) Plaintiff has an adequate damage remedy.

Dated: New York, New York
       February 27, 2012

| | |
|---|---|
| INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP | WILMER CUTLER PICKERING HALE AND DORR LLP |
| By: /s/ John G. Nicolich<br>John G. Nicolich<br>250 Park Avenue<br>New York, NY 10177<br>Telephone: 212-907-9600<br>Facsimile:  212-907-9681<br>jnicolich@ingramllp.com | By: /s/ Craig R. Heeren<br>Craig R. Heeren<br>399 Park Avenue<br>New York, NY 10022<br>Telephone: 212-230-8800<br>Facsimile:  212-230-8888<br>craig.heeren@wilmerhale.com |
| *Attorneys for Plaintiff*<br>*BUZstudios LLC* | *Attorneys for Defendant*<br>*DEPFA BANK, plc* |

LUCE, FORWARD, HAMILTON & SCRIPPS, LLP

By: /s/ Gerald M. Murphy
Gerald M. Murphy
121 Spear Street, Suite 200
San Francisco, CA 94105
Telephone: 415-356-4689
Facsimile:  415-356-3897
gmurphy@luce.com

*Attorneys for Defendant*
*Service West, Inc.*